E-FILED
Thursday, 20 February, 2014  02:58:45 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JACOB SAATHOFF, KATHY SAATHOFF, and KELSEY MARKOU, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  13-02253 |
| CITY OF CHAMPAIGN, ILLINOIS and OFFICER ANDRE DAVIS (officer # 7786), | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS COUNTS II AND V OF COMPLAINT**

NOW COMES the Defendant, CITY OF CHAMPAIGN, by its attorney, David E. Krchak, and as a Memorandum of Law in Support of Motion to Dismiss Counts II and V of the Complaint, states as follows:

**COUNT II**

This Count versus the City of Champaign alleges a failure to train.  There are no facts alleged regarding failure to train other than the conclusion because the animal was shot and killed by Defendant Officer Davis, inadequate training existed and was the cause of harm to Plaintiffs.  This is not adequate.

In City of Canton v. Harris, 49 U.S. 378 (1989), the Supreme Court held that, "The inadequacy of police training may serve as a basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.  Before liability can attach under a failure-to-train theory, it must be established that the

municipality was on notice of a pattern of constitutional violations resulting from the inadequate training of employees."

"The fact that a particular officer may not have been well-trained, will not alone suffice to fasten liability upon the City." Hirsch v. Burke, 40 F.3d 900 (7th Cir. 1994). In the absence of any allegations of previous incidents regarding shooting and/or killing an animal, it is insufficient to allege that the City of Champaign was deliberately indifferent to constitutional violations. It does not follow that if officers have acted improperly, they must have been inadequately trained. Allegations of a single incident of unconstitutional conduct cannot form a sufficient basis for establishing a policy of unconstitutional actions.

## COUNT V

In Illinois, there exists no cause of action for *resondeat superior*. Rather, *respondeat superior* is a theory of recovery upon which a plaintiff may seek to impose liability upon an employer for the acts of an employee committed in the scope of his employment and in furtherance of employer's business.

Count V does not allege any specific tortious conduct on the part of Officer Andre Davis. Whether and to what extent the City of Champaign may be able to assert defenses to this separate, unidentified claim for *respondeat superior* is unknown due to the vagueness of this allegation. It is incumbent upon the Plaintiff to assert that the City of Champaign may be liable under *respondeat superior* for specifically identified torts, not simply stating what they may include. The City may have different defenses depending upon the tort in question.

WHEREFORE, Defendant, CITY OF CHAMPAIGN, prays that Counts II and V against it be dismissed with prejudice and for costs.

>Respectfully submitted,
>
>CITY OF CHAMPAIGN, ILLINOIS, Defendant
>
>BY:   THOMAS, MAMER & HAUGHEY, LLP
>      s/ David E. Krchak
>BY:   _____
>      David E. Krchak, Bar No. 3127316
>      THOMAS, MAMER & HAUGHEY, LLP
>      30 Main St., Suite 500
>      P.O. Box 560
>      Champaign, IL  61824-0560
>      Phone: (217) 351-1500
>      Fax:   (217) 351-2169
>      krchak@tmh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to Stephen F. Hedinger.

>s/ David E. Krchak
>_____
>David E. Krchak, Bar No. 3127316
>THOMAS, MAMER & HAUGHEY, LLP
>30 Main St., Suite 500
>P.O. Box 560
>Champaign, IL  61824-0560
>Phone: (217) 351-1500
>Fax:   (217) 351-2169
>krchak@tmh-law.com