IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACOB SAATHOFF, KATHY SAATHOFF, and KELSEY MARKOU, <br> Plaintiffs, <br><br> v. <br><br> CITY OF CHAMPAIGN, ILLINOIS and OFFICER ANDRE DAVIS (officer # 7786), <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) No. 13-cv-02253 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## RESPONSE TO MOTION TO DISMISS COUNTS II AND V OF COMPLAINT

NOW COME Plaintiffs, JACOB SAATHOFF, KATHY SAATHOFF and KELSEY MARKOU, through their attorneys, Sorling Northrup, Stephen F. Hedinger of counsel, and for their response to the "Motion to Dismiss Counts II and V of Complaint" ("D/E #9"), filed by Defendant, CITY OF CHAMPAIGN, ILLINOIS (hereinafter "City of Champaign"), state as follows:

### INTRODUCTION

In this case Plaintiffs seek damages and other relief for the unjustified killing of their chocolate Labrador retriever, Dog. Dog was shot by Defendant Officer Andre Davis during the course of his official duties as a police officer of, and on behalf of, the City of Champaign. Plaintiffs have sought relief under a number of theories, including that the shooting constituted a civil rights violation pursuant to 42 USC §1983 by Defendant Davis (Count I), a §1983 violation by the City of Champaign (Count II), an intentional infliction of emotional distress by Davis (Count III), and a conversion of Plaintiffs' property by Davis (Count IV), along with liability for those torts against the City of Champaign under a *respondeat superior* theory (Count V).

Plaintiffs also seek damages and other relief against both Defendants under Section 16.3 of the Illinois Humane Care for Animals Act, 510 ILCS 70/16.3 (Count VI).

The Defendants have jointly answered all counts of the Complaint, except for Count II (alleging Monell claims against City of Champaign) and Count V (alleging *respondeat superior* liability against the City of Champaign for tort causes of action). Instead, the City of Champaign has filed a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of those two counts for an asserted failure to have stated a claim upon which relief can be granted.

Defendant's motion should be denied, and Defendant should be ordered to promptly answer the two counts.

## STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of an action for "failure to state a claim upon which relief can be granted." "Dismissal of an action under this motion is warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." General Electric Capital Corp. v. Lease Resolution Tort, 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted). Further, "[u]nder the notice pleading regime of the Federal Rules of Civil Procedure, the plaintiffs' complaint must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). Apart from several limited exceptions, a 'short and plain statement' exists when the complaint pleads a 'bare minimum [of] facts necessary to put the defendant on notice of the claim so that he can file an answer' . . . The Supreme Court also has instructed that, in civil rights cases alleging municipal liability, a federal court may not apply a heightened pleading standard more stringent than the

usual pleading requirements of Rule 8(a)." Christensen v. County of Boone, IL, 483 F.3d 454, 458 (7th Cir. 2007) (citations and parenthetical omitted).

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' MONELL CLAIM SHOULD BE DENIED

The City of Champaign first argues for dismissal of Count II, which alleges a Monell claim of Defendant's independent constitutional violations against Plaintiffs. The three paragraphs devoted by the City of Champaign to this issue assert that, "[t]here are no facts alleged regarding failure to train other than the conclusion because the animal was shot and killed by Defendant Officer Davis, inadequate training existed and was the cause of harm to Plaintiffs" (Memorandum of Law in Support of Motion to Dismiss Counts II and V of Complaint (hereinafter "Memorandum"), at 1), and that, "[i]n the absence of any allegations of previous incidents regarding shooting and/or killing an animal, it is insufficient to allege that the City of Champaign was deliberately indifferent to constitution violations." (Memorandum, at 2). In support of its argument, the City of Champaign cites only two cases, City of Canton, OH v. Harris, 489 U.S. 378 (1989), and Hirsch v. Burke, 40 F.3d 900 (7th Cir. 1994). Defendant's assertions misstate both the law and the facts alleged in the Complaint.

First, City of Champaign is simply incorrect in asserting that the Monell allegations must include "allegations of previous incidents regarding shooting and/or killing an animal" in order to pass Rule 8(a) muster. Neither of the cases cited by Defendant, nor any other case, so holds. To the contrary, the Supreme Court was clear in the City of Canton case that independent civil rights liability may be attached to a municipal defendant wherever it is shown that inadequate training constitutes "deliberate indifference to the rights of persons with whom the [municipal actors] come into contact." 489 U.S. at 388. As further explained by the Court, "it may happen that in light of the duties assigned to specific officers or employees the need for more or different

training is so obvious, and the inadequacies so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." 489 U.S. at 390. As Justice O'Connor stated in her concurring opinion, "the need for training [could be shown to be] obvious in one of two ways. First, a municipality could fail to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face. . . . Second, I think municipal liability for failure to train may be proper where it can be shown that policymakers were aware of, and acquiesced in, a pattern of constitutional violations involving the exercise of police discretion." 489 U.S. at 396-97.

Contrary to Defendant's unsupported assertion here, Plaintiffs' "failure to train" count can be premised either upon a failure to train in light of certain recurrent conditions that are bound, sooner or later, to result in a constitutional violation in the absence of relevant training, or in the face of actual repeated actions or circumstances resulting in violative activity.

In this case, Plaintiffs have alleged both, contrary to the City of Champaign's bald assertion to the contrary. Paragraph 46 of the Complaint constitutes Plaintiffs' primary allegations of the City's <u>Monell</u> liability, and includes the following allegations:

- The City of Champaign municipal police officers commonly and routinely interact with domestic animals, including dogs, and with their owners, but despite those common and routine interactions the City of Champaign has failed to properly train the officers in such interactions, including the very types of interactions alleged in this case. (Paragraph 46(g)).

- Officer Davis, the police officer directly involved in the killing of Dog, had previous experience with improper discharge of a firearm during the course of his police duties, and the improper discharge in this case is similar to the improper discharge in the previous circumstance. (Paragraph 46(f)).

- Despite the circumstances and the knowledge of the City of Champaign concerning frequency of interactions between domestic pets and other domestic animals and people, the City of Champaign failed to provide training, instruction, or supervision of its police officer employees with respect to such matters. (Paragraph 46(e)).

- After the incident during which Dog was unnecessarily killed by Defendant Davis, the City of Champaign implemented a revised policy and new training procedures directly dealing with police officers' responses to interactions between animals and other animals and between animals and human beings.

As noted above, the Federal Rules of Civil Procedure do not require any heightened pleading with respect to claims of municipal liability under the Civil Rights Act. Here, clearly Plaintiffs' allegations state a claim upon which relief can be granted. Moreover, it is Plaintiffs' expectation that beyond the mere pleading of Monell liability, ultimately the jury in this case will impose liability against the City of Champaign for its own failures revealed by the facts and circumstances in this case. In any event, Defendant's assertion that the Monell claim must fail is premature at best. Notably, the two cases it has cited and relied upon both were decided after a full trial, and not merely at the pleading stage, as Defendant argues here.

Defendant's motion to dismiss Count II should be denied.

## DEFENDANT'S MOTION TO DISMISS COUNT V SHOULD BE DENIED

Two paragraphs of the City of Champaign's Memorandum are devoted to its assertion that Count V should be dismissed. Defendant argues that the Count, asserting *respondeat superior* liability, is improper because, "[i]n Illinois, there exists no cause of action for *respondeat superior*." Defendant argues that Count V is vague, and that Plaintiffs must assert "specifically identified torts, not simply stating what they may include." (Memorandum, at 2).

As with its motion to dismiss Count II, Defendant's motion with respect to Count V is unsupported, both legally and factually.

Defendant has no legal basis for the motion. Rule 8(a) of the Federal Rules of Civil Procedure requires only that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," along with a demand for the relief sought. Defendant fails to explain how Count V does not comply with this standard. Tellingly, the City of Champaign cites virtually no authority in support of its argument.

To be sure, more than one possibility exists to plead *respondeat superior* liability, as is the case with other theories of recovery. Plaintiffs could have included the *respondeat superior* allegations within the referenced tort allegations, and stated those causes of action as applicable both to Defendant Davis directly and Defendant City of Champaign through imputation. The alternative, chosen by Plaintiffs, was equally available - Count III specifically seeks relief against Officer Davis for intentional infliction of emotional distress, and Count IV seeks relief against him on a theory of conversion; both are Illinois tort theories of liability and Count V seeks relief against the City of Champaign for all torts for which Defendant Davis is liable under the course and scope of his employment, including for both conversion (misstated in Paragraph 63 of the Complaint as "conversation") and intentional infliction of emotional distress.

Defendant fails to explain why Plaintiffs' chosen pleading method is improper, or in any way prejudicial to this Defendant.

In fact, Defendant's assertion that its response to the allegations "is unknown due to the vagueness of this allegation" is belied by Defendant's own pleadings. Paragraph 61 of the Complaint incorporates by reference each of the preceding 60 paragraphs of the Complaint, including the paragraphs stating the allegations of intentional infliction of emotional distress (Paragraphs 49-55), and those alleging conversion (Paragraph 56-60). Paragraph 62 of the Complaint alleges that Officer Davis, at all times relevant to the preceding allegations (including those pertaining to intentional infliction of emotional distress and conversion), was acting as an employee of, and within the scope of his employment with, the City of Champaign. Finally, Paragraph 63 alleges that the City of Champaign is liable for those tort violations committed by Officer Davis during the course and scope of his employment.

Notably, the City of Champaign has answered both of Counts III (intentional infliction of emotional distress) and IV (conversion). The Defendant fails entirely to explain in what way it could possibly be legitimately confused or misled by the allegations of Count V.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court deny the motion to dismiss filed by the City of Champaign, and order that Defendant to file its answer to Counts II and V within a short time following this Court's ruling, and that this Court award in favor of Plaintiffs all such other and further relief as this Court deems just and appropriate.

WHEREFORE Plaintiffs, JACOB SAATHOFF, KATHY SAATHOFF and KELSEY MARKOU, request that this Court deny the "Motion to Dismiss Counts II and V of Complaint" filed by Defendant, CITY OF CHAMPAIGN, ILLINOIS, and order that Defendant to promptly

answer those counts of the Complaint, and award in favor of Plaintiffs all such other and further relief as this Court deems just and appropriate.

Date: March 3, 2014                     Respectfully submitted,

                                        JACOB SAATHOFF, KATHY SAATHOFF and
                                        KELSEY MARKOU, Plaintiffs

                                        /s/  Stephen F. Hedinger

                                        Stephen F. Hedinger (#6198999)
                                        Attorneys for Plaintiffs
                                        Sorling Northrup
                                        1 North Old State Capitol Plaza, Suite 200
                                        P.O. Box 5131
                                        Springfield, IL 62705
                                        Telephone:  (217) 544-1144
                                        Facsimile:   (217) 522-3173
                                        E-Mail:  sfhedinger@sorlinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. David E. Krchak
Thomas, Mamer & Haughey, LLP
30 Main Street, Suite 500
P.O. Box 560
Champaign, IL 61824-0560

/s/ Stephen F. Hedinger

Stephen F. Hedinger (#6198999)
Attorneys for Plaintiffs
Sorling Northrup
1 North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
E-Mail: sfhedinger@sorlinglaw.com