IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACOB SAATHOFF, KATHY SAATHOFF, and KELSEY MARKOU, <br> Plaintiffs, <br><br> v. <br><br> CITY OF CHAMPAIGN, ILLINOIS and OFFICER ANDRE DAVIS (officer # 7786), <br><br> Defendants. | No.  13-cv-02253 |

### PLAINTIFFS' MOTION TO STRIKE

NOW COME Plaintiffs, JACOB SAATHOFF, KATHY SAATHOFF and KELSEY MARKOU, through their attorneys, Sorling Northrup, Stephen F. Hedinger of counsel, and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, move for this Court to strike certain allegations of the Defendants' Answer (D/E #8) filed in this case, and to deem certain allegations of the Complaint admitted and/or to require Defendants to file a corrected Answer. In support of this motion, Plaintiffs state as follows:

1.  Defendants filed their joint Answer to the Complaint in this matter on February 20, 2014. A single answer was filed on behalf of both Defendants, and all allegations of the Complaint were answered, except for those pertaining to Counts II and V, which are the subject of a pending motion to dismiss filed by Defendant City of Champaign.

2.  Rule 8(b) of the Federal Rules of Civil Procedure sets forth the options available to a defendant in responding to a complaint. "The only permissible responses to a complaint under Fed. R. Civ. P. 8(b) are admission, denial or a statement of the absence of both knowledge and information sufficient to form a belief. The rules do not approve or permit other types of

responses." United States Liability Ins. Co. v. Bryant, 2011 WL 221662, *1 (S.D. Ill., Jan. 21, 2011) (citing Gilbert v. Johnston, 127 F.R.D. 145, 146 (N.D. Ill. 1989)).

3. Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although Plaintiffs recognize that "[m]otions to strike are generally disfavored," Bryant, at *1, in this case the prejudice to Plaintiffs and to the prosecution of this action are such that striking the identified portions of the Defendants' Answer is appropriate.

4. Plaintiffs request that this Court strike the following improper admissions stated in the Answer: Paragraphs 9, 13, 22, 23, 26, 27, 30, and 32. In each instance, the Answer fails to simply admit the allegation of the Complaint, but instead qualifies or explains the admission, creating an ambiguity as to the extent of the admission and the Defendants' intent with respect to the allegations.

5. The Answer to Paragraph 9 of the Complaint is illustrative. That paragraph of the Complaint alleged that, "On Saturday, November 17, 2012, at a little after 5:00 p.m., Kelsey took Dog for a walk. Dog was on a leash, and was wearing two collars with name tag and rabies vaccination tags." Rather than simply admit this allegation, Defendants answered: "Defendants admit that a dog was in the area on the date and time alleged." The Answer suggests that only a part of the Complaint allegations are admitted and even then does not specify any particular provisions being admitted, but instead re-phrases and introduced factual allegations not included in the Complaint. Again, this creates a significant ambiguity.

6. Defendants' answer to this, and to the other paragraphs identified in paragraph 4 above, are non-responsive and fail to comply with the requirements of Rule 8(b). Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, Defendants' failure to have identified any

portion of these allegations that were denied should result in the allegations being deemed admitted in total, without Defendants' re-phrasing and qualifications, and Plaintiffs request this Court's ruling to that effect. Alternatively, Plaintiffs request that this Court strike these answers, and direct Defendants to properly answer the corresponding allegations of the Complaint.

7. Plaintiffs request that this Court also strike the answers to Paragraphs 20, 24, 28 and 36 of the Answer. In each instance, the Answer improperly qualifies a denial, and fails to specify which portion of the specific Complaint allegation was admitted, and which portion was denied. As with the improper admissions cited in paragraph 4 above, these improper denials create an ambiguity as to what is admitted, what is denied, and what Defendants' intentions are with respect to the allegations.

8. Paragraph 20 is illustrative; the Complaint allegation stated: "Upon exiting his police car, Officer Davis had a conversation with Kelsey, and Kelsey told Officer Davis which dog belonged to her." The Answer submitted by Defendants stated: "Defendants deny that Kelsey was able to specifically identify her dog during the course of the fight." Because the Complaint did not allege that "Kelsey was able to specifically identify her dog during the course of the fight," the denial is unresponsive, and simply serves to confuse the status of the Defendants' admissions or denials as to the allegations of the Complaint.

9. Again, pursuant to Rule 8(b)(6), the improper denials identified should be deemed as admissions of the entirety of each of the identified allegations of the Complaint. Alternatively, this Court should strike these allegations, and order Defendants to answer the paragraphs in compliance with Rule 8(b).

10. Plaintiffs move to strike Paragraph 14 of the Answer, which improperly qualifies an assertion of inability to admit or deny. Rule 12(b)(5) of the Federal Rules of Civil Procedure

provides Defendants an option of stating that the party "lacks knowledge or information sufficient to form a belief about the truth of an allegation," and that doing so has the effect of a denial. In Paragraph 14, though, Defendants have made the required statement of lack of knowledge, but have limited that to "the characterization of another dog approaching them," which was not a part of the allegation of Paragraph 14 of the Complaint. Further, their Answer is silent about admission or denial as to any other portion of that allegation. Accordingly, this Answer creates confusion concerning which portion of the allegations of Paragraph 14 have been admitted, and which were denied through lack of knowledge or otherwise.

11. Plaintiffs move to strike Paragraph 31 of the Answer, which also is an improper denial on the basis of lack of information and knowledge. In this instance, the Answer states in its entirety: "Defendants neither admit nor deny the allegations contained in paragraph 31." This fails to conform with Rule 12(b)(5) of the Federal Rules of Civil Procedure by failing to assert lack of knowledge or information sufficient to form a belief about the truth of the allegations; to the contrary, the Answer merely refuses to either admit or deny. This is clearly improper.

12. Plaintiffs move to strike Paragraph 34 of the Answer. The allegation of the Complaint identifies "[n]umerous alternatives" that were available to Defendant Davis instead of shooting Dog to stop the fight it was engaged in with the other dog, and specified five different potential strategies that could have been employed. Defendants' answer states: "Defendants neither admit nor deny the allegation contained in paragraph 34, but state that these speculative assertions about what could or might have been done are irrelevant and should be stricken."

13. No authority exists for the answer provided by Defendants to Paragraph 34 of the Complaint. As observed by the Court in Donnelly v. Frank Shirey Cadillac, Inc., 2005 WL

2445902, *1 (N.D. Ill. 2005), "[d]espite the seemingly straightforward and unambiguous options available to parties under Rule 8(b), some defense counsel persist in using unacceptable devices in their answers, and in so doing, violate Rule 8(b)." Defendants' answer to Paragraph 34 constitutes just such an unacceptable device; Rule 8(b) nowhere allows a defendant to simply ignore an allegation on the assertion that it is speculative or irrelevant. Other remedies exist for those assertions, but no justification exists for these Defendants to simply refuse to answer.

14.   Pursuant to Rule 8(b)(6), Plaintiffs request that the Defendants be deemed to have admitted in the entirety each of Paragraphs 14, 31 and 34; in the alternative, Defendants ask that these answers be stricken, and that the Defendants be ordered to file answers to these allegations which comply with Rule 8(b).

WHEREFORE Plaintiffs, JACOB SAATHOFF, KATHY SAATHOFF and KELSEY MARKOU, request that this Court strike the above-identified paragraphs of the Defendant's Answer, and to deem the identified allegations of the Complaint admitted and/or to require Defendants to file a corrected Answer, and that this Court award in favor of Plaintiffs all such other and further relief as this Court deems just and appropriate

Date: March 4, 2014                     Respectfully submitted,

                                        JACOB SAATHOFF, KATHY SAATHOFF and
                                        KELSEY MARKOU, Plaintiffs

                                        /s/ Stephen F. Hedinger

                                        Stephen F. Hedinger (#6198999)
                                        Attorneys for Plaintiffs
                                        Sorling Northrup
                                        1 North Old State Capitol Plaza, Suite 200
                                        P.O. Box 5131
                                        Springfield, IL 62705
                                        Telephone: (217) 544-1144
                                        Facsimile:  (217) 522-3173
                                        E-Mail: sfhedinger@sorlinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. David E. Krchak
Thomas, Mamer & Haughey, LLP
30 Main Street, Suite 500
P.O. Box 560
Champaign, IL 61824-0560

/s/ Stephen F. Hedinger

Stephen F. Hedinger (#6198999)
Attorneys for Plaintiffs
Sorling Northrup
1 North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
E-Mail: sfhedinger@sorlinglaw.com