IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JACOB SAATHOFF, KATHY SAATHOFF, and KELSEY MARKOU, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  13-02253 |
| CITY OF CHAMPAIGN, ILLINOIS and OFFICER ANDRE DAVIS (officer # 7786), | ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDED ANSWER

NOW COME the Defendants, CITY OF CHAMPAIGN, ILLINOIS and OFFICER ANDRE DAVIS, and as an Amended Answer to this Complaint, state as follows:

### Jurisdiction and Venue

1. Defendants admit the allegations contained in paragraph 1.

2. Defendants admit the allegations contained in paragraph 2 and state that all parties defendant reside in this judicial district.

### Facts Related to All Counts

3. Defendants admit the allegations contained in paragraph 3.

4. Defendants admit the allegations contained in paragraph 4.

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants neither admit nor deny the allegations contained in paragraph 6 as they lack sufficient information to respond.

7. The Defendants neither admit nor deny the allegations contained in paragraph 7 and that they lack sufficient information to respond.

8. The Defendants neither admit nor deny the allegations contained in paragraph 8 as they have insufficient information to form a response.

9. Defendants admit that on Saturday, November 17, 2012, at a little after 5:00 p.m., Kelsey took Dog for a walk. Defendants neither admit nor deny that Dog was on a leash and was wearing two collars with name tag and rabies vaccination tags as Defendants do not have sufficient knowledge and information to form a response.

10. The Defendants neither admit nor deny the allegations contained in paragraph 10 as they lack sufficient information to form a response.

11. Defendants neither admit nor deny the allegations contained in paragraph 11 because they lack sufficient information to provide a response.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants admit the allegations contained in paragraph 13.

14. Defendants neither admit nor deny the allegations contained in paragraph 14 in that they lack knowledge or information sufficient to form a response.

15. Defendants admit that two dogs engaged in a dog fight, but neither admit nor deny the characterization of the commencement of the dog fight since they lack sufficient information to form a response.

16. Defendants admit that some people gathered around the dog fight, but neither admit nor deny actions of individuals to separate the two dogs as Defendants lack sufficient information to form a response.

17. Defendants admit that at some point during the dogfight, neither dog was being restrained by a leash, but Defendants neither admit nor deny allegations that Plaintiffs' dog was trying to evade the fight in that Defendants lack knowledge sufficient to form a response.

18. Defendants admit that an onlooker contacted police dispatch but neither admit nor deny that Plaintiff Kelsey had agreed that police be summoned as Defendants lack sufficient information to admit or deny that assertion.

19. Defendants admit the allegations contained in paragraph 19.

20. Defendants deny that Kelsey was able to specifically identify her dog during the course of the fight.

21. Defendants deny that Kelsey was able to specifically identify her dog during the fight. Defendants deny that Kelly sufficiently described her dog to allow Officer Davis to know which fighting animal was hers.

22. Defendants admit the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants neither admit nor deny the allegations in that they lack knowledge or information sufficient to respond.

24. Defendants deny the characterization of the gray and white dog being the attacker and the Plaintiff's dog focusing on protecting himself.

25. Defendants admit the Officer Davis fired two shots at the larger dog which appeared to be the aggressor, but deny all other allegations contained in paragraph 25.

26. Defendants admit the allegations contained in paragraph 26.

27. Defendants admit the allegations contained in paragraph 27

28. Defendants deny Kelsey witnessed the unnecessary shooting of her beloved dog. Defendants deny that Officer Davis ignored Kelly. Defendants admit Kelly screamed. Defendants deny that Kelsey advised Officer Davis that he was "shooting at the wrong dog" prior to or during the two shots being fired.

29. Defendants neither admit nor deny the allegations contained in paragraph 29 as they lack sufficient information to form a response.

30. Defendants admit the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants neither admit nor deny the allegations as they lack sufficient knowledge or information to form a response.

32. Defendants neither admit nor deny Jack and Kathy had been nearby as the incident occurred and that when Kelsey realized that Dog was dying and help was not on the way, she ran to get Jake and Kathy, as they lack sufficient knowledge or information to form a response. The Defendants admit that Jake, Kathy and Kelsey were at the scene at about the time Dog died. The Defendants admit that at about the time the dog died, other City of Champaign Police Officers had also arrived on the scene.

33. Defendants admit that an Animal Control Officer captured the gray and white dog and removed it from the scene. Defendants neither admit nor deny the other allegations contained in paragraph 33 as they lack sufficient information to respond.

34. Defendants neither admit nor deny the allegations as they lack sufficient knowledge or information sufficient to respond to the potential alternative actions listed in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36, with the exception of the allegation regarding Plaintiff's dog's history of aggression which Defendants can neither admit nor deny due to a lack of information sufficient to form a response.

37. Defendants neither admit nor deny the allegations contained in paragraph 37 as they lack sufficient information to form a response.

38. Defendants admit the allegations contained in paragraph 38.

39. The Defendants admit the allegations contained in paragraph 39.

### Count I – 42 U.S.C. § 1983:  Fourth Amendment Violation
### (Against Officer Davis)

40. Defendants provide the same response to paragraphs 1-39 as provided above.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

WHEREFORE, Defendant, OFFICER ANDRE DAVIS, prays that Count I of the Complaint be dismissed and for costs.

### Count II – 42 U.S.C. §1983:  Fourth Amendment Violation – Monell Claims
### (Against the City of Champaign)

(The Count is the subject of a Motion to Dismiss filed this date.)

### Count III – Intentional Infliction of Emotional Distress – State Law Claim
### (Against Officer Davis)

49. Defendant Davis provides the same response to paragraphs 1-48 as provided above.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant neither admits nor denies that the Plaintiffs' dog was the victim of an unprovoked attack as it lacks sufficient information. Defendant denies the remaining allegations contained in paragraph 54.

55. Defendant denies the allegations contained in paragraph 55.

WHEREFORE, Defendant, OFFICER ANDRE DAVIS, prays this count be dismissed with prejudice.

### Count IV – Conversion – State Law Claim
### (Against Officer Davis)

56. Defendant Davis asserts the same responses to paragraphs above.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant admits the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

60. Defendant denies the allegations contained in paragraph 60.

WHEREFORE, Defendant, OFFICER ANDRE DAVIS, prays that Count IV be dismissed with prejudice and for costs.

### Count V – Respondeat Superior
### (Against the City of Champaign)

Count V is the subject of a Motion to Dismiss by the City of Champaign.

### Count VI – Humane Care for Animals Act
### (Against Officer Davis and the City of Champaign)

64. Defendants provide the same response to paragraphs above as provided.

65. Defendants admit the allegations contained in paragraph 65.

66. The Defendants neither admit nor deny the allegations contained in paragraph 66 but lack sufficient information to form a response.

67. The Defendants admit the allegations contained in paragraph 67.

68. The Defendants neither admit nor deny the allegations contained in paragraph 68, as they lack sufficient information.

69. The Defendants neither admit nor deny the allegations contained in paragraph 69 as Defendants lack sufficient information to form a response.

70. The Defendants deny the allegations contained in paragraph 70.

71. The Defendants deny the allegations contained in paragraph 71.

WHEREFORE, the Defendants pray that Count VI of the Complaint be dismissed for prejudice and for costs.

## AFFIRMATIVE DEFENSES

Defendants, CITY OF CHAMPAIGN and OFFICER ANDRE DAVIS, hereby assert the following affirmative defenses to the allegations contained in the Complaint:

## AFFIRMATIVE DEFENSE ONE

Defendant, OFFICER ANDRE DAVIS, in his personal capacity, is entitled to qualified immunity and any action taken by him regarding this incident was objectively reasonable in light of the facts in front of him and, therefore, Officer Davis is not liable.

## AFFIRMATIVE DEFENSE TWO

In the exercise of his duties, Defendant, OFFICER ANDRE DAVIS, and the CITY OF CHAMPAIGN have immunity from prosecution under §2-202 of the Tort Immunity Act. 45 ILCS 10/2-202. These immunities protect them from a common law state action of intentional infliction of emotional distress and the statutory action under the Humane Care for Animals Act.

**AFFIRMATIVE DEFENSE THREE**

It is not a violation of the Humane Care for Animals Act for a law enforcement officer to take those actions necessary to protect humans to use force, and indeed deadly force, against an animal.

WHEREFORE, Defendants pray that this Court dismiss the cause of action and enter an award of costs in their favor.

DEFENDANTS DEMAND A TRIAL BY JURY

Respectfully submitted,

CITY OF CHAMPAIGN, ILLINOIS and OFFICER ANDRE DAVIS, (officer # 7786), Defendants

BY: THOMAS, MAMER & HAUGHEY, LLP
s/ David E. Krchak

BY: _____
David E. Krchak, Bar No. 3127316
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL  61824-0560
Phone: (217) 351-1500
Fax:    (217) 351-2169
krchak@tmh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to Stephen F. Hedinger.
s/ David E. Krchak

_____
David E. Krchak, Bar No. 3127316
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL  61824-0560
Phone: (217) 351-1500
Fax:    (217) 351-2169
krchak@tmh-law.com