UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

JACOB SAATHOFF, KATHY SAATHOFF,
and KELSEY MARKOU,

      Plaintiffs,

v.

CITY OF CHAMPAIGN, ILLINOIS, and
OFFICER ANDRE DAVIS,

      Defendants.

Case No. 13-2253

REPORT AND RECOMMENDATION

      Plaintiffs Jacob Saathoff, Kathy Saathoff, and Kelsey Markou bring claims under 42 U.S.C. § 1983 and Illinois law against the City of Champaign, Illinois, and Champaign police officer Andre Davis, arising from an incident in which Davis shot Plaintiffs' dog. Jurisdiction is proper because Plaintiffs' § 1983 claim raises a federal question. *See* 28 U.S.C § 1331. The Court exercises supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(a).

      In February 2014, Champaign filed a Motion to Dismiss Counts II and V of Complaint (#9). In March 2014, Plaintiffs filed a response in opposition (#12). After careful consideration of the parties' arguments, the Court recommends that Champaign's Motion to Dismiss Counts II and V of Complaint **(#9)** be **DENIED**.

I.  Background

      The Court takes the following background from the complaint (#1), accepting all well-pleaded allegations as true. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). On November 17, 2012, Plaintiff Kelsey Markou, daughter of Plaintiffs Jacob and Kathy Saathoff, took the family dog for a walk. Another dog attacked Plaintiffs' dog, and the two dogs

began to fight. A bystander called the police, and Davis arrived on the scene. Shortly thereafter, Davis shot Plaintiffs' dog.

Plaintiffs have filed a six-count Complaint against Defendants: Count I, a § 1983 claim against Davis for his unlawful seizure of their dog, in violation of the Fourth Amendment; Count II, a § 1983 *Monell* claim against Champaign for failure to train its officers adequately; Count III, an intentional infliction of emotional distress claim against Davis under Illinois law; Count IV, a conversion claim against Davis under Illinois law; Count V, labeled "Respondeat Superior" against Champaign; and Count VI, a claim under the Illinois Humane Care for Animals Act against both Defendants.

## II. Legal Standard

Champaign moves to dismiss Count II, Plaintiffs' *Monell* claim, and Count IV, "Respondeat Superior," under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim serves to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank*, 649 F.3d at 614. To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted). When considering a motion to dismiss, the Court is limited to the allegations in the complaint and must evaluate them in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614.

## III. Discussion
### A. *Monell* Claim

Under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), a local government entity is liable under § 1983 for the constitutional violation of its

employee where its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694; *see Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Stated differently,

> A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority.

*See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690; *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009)).

In Count II, Plaintiffs claim that Champaign is liable under *Monell* and allege that Champaign's policy and practice of failing to train its officers adequately to handle their firearms and interact with domestic animals caused the unlawful seizure of Plaintiffs' dog. Champaign challenges whether Plaintiffs have set forth sufficient facts in support of their *Monell* claim. Champaign asserts, "There are no facts alleged regarding failure to train other than the conclusion [that] because the animal was shot and killed by Defendant Officer Davis, inadequate training existed and was the cause of harm to Plaintiffs." (#10, p. 1.)

Champaign's argument ignores several paragraphs of Plaintiffs' complaint that support their *Monell* claim. Plaintiffs allege that, despite frequent contact of Champaign police officers with domestic animals and a previous instance in which Davis improperly discharged his firearm, Champaign failed to train its officers adequately to interact with domestic animals and use their firearms. (#1, ¶¶ 46(e)-(g).) Plaintiffs also allege that, since the incident at issue in this case, Champaign modified its use of force policy and stated that it will implement better training for interactions with animals. (#1, ¶ 47.) Plaintiffs' allegations are sufficient to state a § 1983 *Monell* claim against Champaign.

## B. Respondeat Superior

As to Count V, Champaign argues that no separate cause of action exists under Illinois law for "respondeat superior." Champaign also asserts that Count V must be dismissed because it fails to identify the acts committed by Davis for which Champaign is liable.

Champaign's technical challenge to the organization of Plaintiffs' complaint is unpersuasive in light of the federal notice pleading standard, which requires only a short, plain statement of the claim for relief. *See* FED. R. CIV. P. 8(a). Whether Illinois law recognizes a separate cause of action for respondeat superior liability is irrelevant in the federal system. Indeed, under the federal pleading standard, a complaint need not even plead a legal theory to state a claim. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). Furthermore, contrary to Champaign's assertions, Plaintiffs allege in Count V that Champaign is liable under respondeat superior for Davis's intentional infliction of emotional distress and conversion (alleged separately against Davis in Counts III and IV). Specifically, Count V states that Davis was an employee of Champaign, acted within the scope of his employment during the incident at issue in this case, and that Champaign is liable for all torts performed by its employees during the scope of their employment, including "conversation [sic] and infliction of emotional distress." (#1, ¶ 63.) Plaintiffs have put Champaign on fair notice that they seek to hold it liable for Davis's intentional infliction of emotional distress and conversion. Dismissal of Count V is not warranted.

### IV.  Conclusion

For these reasons, the Court recommends that Champaign's Motion to Dismiss Counts II and V of Complaint **(#9)** be **DENIED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 6th day of June, 2014.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE