IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACOB SAATHOFF, KATHY SAATHOFF, and KELSEY MARKOU, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>CITY OF CHAMPAIGN, ILLINOIS and )<br>OFFICER ANDRE DAVIS )<br>(officer # 7786), )<br>)<br>Defendants. ) | No. 13-cv-02253 |

## MOTION TO QUASH SUBPOENA

NOW COMES the Defendants, City of Champaign and Officer Davis, by one of their attorneys, Thomas Yu, and under Rule 45 of the Federal Rules of Civil Procedure, moves to quash Plaintiffs, Jacob Saathoff, Kathy Saathoff and Kelsey Markou's Subpoena to Testify at Deposition (Docket No. 35, pp. 6-7), and in support states as follows:

1. Plaintiffs have subjected Defendants to undue burden by issuing a subpoena on 2/16, 4:34 PM for Defendant City of Champaign's Rule 30(b)(6) witness set for 2/25, 1:00 PM. (Docket No. 35, pp. 6-7).

2. Defendants are unable to reasonably comply with the subpoena for the following reasons:

    a. The undue burden created by the volume of last minute notices and subpoenas for deposition recently issued by Plaintiffs and to be completed before the discovery cut-off date of 2/27/15;

    b. No one person on behalf of the City of Champaign is able to testify regarding all of the information requested;

    c. This information is not readily available or retrievable; and

1

    d. Seven business days to comply with the unduly burdensome scope of the subpoena is unreasonable.

3. The Plaintiffs cannot demonstrate the substantial need for the testimony that cannot otherwise be met through testimony of the other 10 deponents that have been set by Plaintiffs to be completed by 2/27/15.

4. For the foregoing reasons, which are supported further below, Defendants move this court to quash this subpoena for deposition testimony and for such other relief as it deems just and proper.

## BACKGROUND

A modified Scheduling Order was entered in this action on August 4, 2014, which sets the following deadlines:

    a. 10/1/14: Plaintiffs disclose experts and provide expert reports;
    b. 11/3/14: Plaintiffs' experts available for deposition by 11/3/14;
    c. 12/1/14: Defendants disclose experts and provide reports by 12/1/14;
    d. 1/2/15: Defendants' experts available for deposition by 1/2/15;
    e. 1/15/15: Reply experts and reports due by 1/15/15; and
    f. 2/27/15: Discovery closes 2/27/15.

(Docket Text Entry – 8/4/14)

The deadline for disclosure of experts has passed without disclosure of experts or expert reports from the parties.

On 1/28/15 and 2/13/15, Defendants issued notices of deposition for the individual Plaintiffs. Jacob Saathoff was deposed on 2/9/15. Kathy Saathoff and Kelsey Markou are scheduled to be deposed on 2/20/15. (Docket Nos. 29, 31)

On 2/13/15, 2/16/15 and 2/18/15 Plaintiffs issued notices and subpoenas for deposition of the following witnesses, at the following times:

    a. 2/19, 9:00 AM: Sgt. Crane, Champaign Police Department;

2

  b. 2/24, 9:00 AM: Officer Iverson, Champaign Police Department;
  c. 2/24, 1:00 PM: Lieutenant Swenson, Champaign Police Department;
  d. 2/25, 9:00 AM: Steven Carter (former City Manager, City of Champaign);
  e. 2/25, 1:00 PM: "Designated Officer, City of Champaign" (Rule 30(b)(6) witness);
  f. 2/26, 9:00 AM: Defendant Det. Davis, Champaign Police Department
  g. 2/26, 1:00 PM: Chelsea Angelo, c/o City of Urbana Public Works;
  h. 2/27, 9:00 AM: Chief of Police Cobb, Champaign Police Department;
  i. 2/27, 1:00 PM: Designated Officer, County of Champaign, Animal Control Dept.; and
  j. 2/27, 3:30 PM: Tyrone Jones, witness.

(Docket Nos. 32, 33, 34, 35, 36)

Despite the annoyance, inconvenience and burden of accommodating 9 depositions within a span of 5 days with little advance notice, Defendants have cooperated in contacting its witnesses and scheduling the depositions accordingly.

However, Defendants now move to quash the subpoena for 2/25, 1:00 PM: Designated Officer, City of Champaign, Rule 30(b)(6) witness, which Plaintiffs filed with this Court on 2/16, 4:34 PM (Docket No. 35, pp. 6-7).

## LEGAL STANDARD

Rule 45 provides, in pertinent part, that "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing ***undue burden*** or expense on a person subject to the subpoena." (emphasis added)

Moreover, upon a timely motion to quash a subpoena, a court is required to quash or modify the subpoena if it:

  a. Fails to allow a ***reasonable time to comply***; or
  b. Subjects a person to ***undue burden***.

(emphasis added) Rule 45(d)(3)(A).

Furthermore, a court is to consider whether the serving party "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Rule 45 (d)(3)(C)

## ARGUMENT

Plaintiffs have subjected Defendants to undue burden by failing to allow reasonable time to comply. Seven business days is insufficient for Defendants to comply because of the 9 other depositions recently scheduled by Plaintiffs to be completed by 2/27.

In addition, Plaintiffs have subjected Defendants to undue burden due to the unreasonable scope of the subpoena. The subpoena requests the presentation of a City of Champaign designated witness able to testify concerning four categories.

The first category is:

1. The cost to the City of Champaign, and the procedures employed and utilized, to maintain a K-9 force within and as part of the city's police department, including purchase price for a new dog, cost of training, compensation to trainers, cost of insurance and compensation for injuries, cost of veterinary care, and any costs or procedures employed, as well as all purposes or uses to which such dogs are employed.

First, none of these issues are relevant or material to the issues in this action. The K-9 force of the City of Champaign was not involved in the November 17, 2012 incident in question. And any information regarding the K-9 forces policies, procedures, or costs is immaterial as there is no evidence in the record that they provide any training to Champaign Police Department patrol officers.

Second, there is no one person at the City of Champaign who has knowledge regarding all of these topics. There are at least 4 different people at the City of Champaign who would need to initiate a historical search of records, including different members of the K-9 force and finance department personnel in order to be able to testify on these issues.

Third, Officer Iverson is a member of the K-9 force and is currently scheduled to be deposed on 2/24, 9:00 AM. To the extent that these issues have any relevance to this action, Officer Iverson could speak to them.

The second category is:

> 2. The emotional bonds formed between the City of Champaign K-9 trainers/handlers and the K-9 dogs they train and handle, including but not limited to information concerning the funeral/memorial service for Tango that occurred during or about September 2014, and any other similar events or services for any other City of Champaign K-9 dog.

First, none of these issues are relevant or material to the issues in this action. Second, Officer Iverson is a member of the K-9 force and is currently scheduled to be deposed on 2/24, 9:00 AM. To the extent that these issues have any relevance to this action, Officer Iverson could speak to them as he was the trainer/handler of the referenced K-9 dog, Tango.

The third category is:

> 3. The average anticipated number of interactions between City of Champaign police officers and dogs during any average one-month time period between 2010 and the present, and a description of the various circumstances in which those interactions take place and have taken place.

Defendant City of Champaign has already verified in its Answers to Plaintiff's First Interrogatories that "The Champaign Police Department does not keep records as to the frequency or number of interactions that officers have with domestic animals." (Def. Ans. Pl. Int.) There is no need to present a witness regarding these issues because Plaintiffs may question the other Champaign Police Department deponents regarding their interactions with dogs, if they so desire.

The fourth category is:

> 4. The communications of any sort from members of the public or from other police agencies or municipal corporations concerning or in any way relating to the incident that occurred on November 17, 2012, at or near the corner of John

5

and Crescent in Champaign, IL, during which City of Champaign police officer Andre Davis shot two dogs.

First, none of these issues are relevant or material to the issues in this action. Second, there is no one person at the City of Champaign who has knowledge regarding all of these topics. Third, to the extent that any of these issues may be relevant, other deponents, including former City Manager Steve Carter, Police Chief Cobb and Lieutenant Swenson would be able to speak to them.

As demonstrated above, Plaintiffs cannot demonstrate the substantial need for the four categories of testimony that cannot otherwise be met through testimony of the other 10 deponents that have been set by Plaintiffs to be completed by 2/27/15.

The deadline for expert disclosures has long passed, however, it is clear that Plaintiffs are attempting to use the depositions of City of Champaign witnesses as their own "expert witnesses" regarding the emotional bond, costs and value of a dog.

Significantly, Plaintiffs complaint was filed on November 8, 2013. Plaintiffs have waited approximately 15 months to begin initiating 10 depositions. And by doing so at the eleventh hour before the close of discovery has caused undue burden to the City of Champaign and its employees.

## CONCLUSION

For the foregoing reasons, Defendants move this court to quash this subpoena for deposition testimony and for such other relief as it deems just and proper.

        Respectfully submitted,

        Defendants, City of Champaign, Illinois
and Officer Andre Davis (Officer # 7786)

By: s/Thomas S. Yu_____
    Thomas S. Yu, Bar No. 6273289

THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL  61824-0560
Phone: (217) 351-1500
Fax:    (217) 351-2017
tyu@tmh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2015, I electronically filed the foregoing Motion to Quash Subpoena (Docket No. 35, pp. 6-7) with the Clerk of the Court using the CM/ECF system which will send notification to the attorneys of record.

        /s/ Thomas Yu_____

        Thomas S. Yu, Bar No. 6273289
        THOMAS, MAMER & HAUGHEY, LLP

        30 Main St., P.O. Box 560
        Champaign, IL 61824-0560
        Ph: (217) 351-1500
        *tyu@tmh-law.com*