**E-FILED**
Friday, 24 April, 2015  10:45:19 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JACOB SAATHOFF, KATHY SAATHOFF,  )
and KELSEY MARKOU,  )
  )
   Plaintiffs,  )
  v.  )  No.  13-cv-02253
  )
CITY OF CHAMPAIGN, ILLINOIS and  )
OFFICER ANDRE DAVIS  )
(officer # 7786),  )
  )
   Defendants.  )

**DEFENDANTS' MOTIONS *IN LIMINE***

NOW COME the Defendants, City of Champaign and Officer Davis, by one of their attorneys, Thomas Yu, and move *in limine* to enter an Order directing Plaintiffs, through their counsel, and any witnesses called by Plaintiffs, or cross-examined by Plaintiffs, to refrain from making any direct or indirect mention, or eliciting testimony at the trial, before the jury, regarding the following matters without first obtaining permission from this Court, outside the presence of the jury:

1. <u>Davis's post-dogfight chase and pursuit of the smaller dog</u>. Defendants request that Plaintiffs be barred from making any comment, suggestion, mention or argument to the jury through Plaintiffs or their witnesses regarding evidence of Davis's subsequent chase and shooting of the smaller dog (not owned by Plaintiffs). Such evidence is irrelevant to the issue of whether Davis unreasonably seized Plaintiffs' dog while it was engaged in a vicious dogfight. Fed. R. Evid. 401. Evidence of Davis's actions towards the smaller dog, which took place after the time that Davis allegedly seized Plaintiffs' dog does not impact the analysis of whether Davis's use of deadly force against Plaintiffs' dog was unreasonable.

Furthermore, even if such evidence is found to be marginally relevant, the probative value of such evidence is substantially outweighed by the unfair prejudice of having such evidence admitted. Fed. R. Evid. 403. Admitting such evidence would merely confuse and distract the jury from focusing on Davis's actions and intentions while addressing the dogfight. Such evidence should therefore be excluded.

___ Granted      ___ Denied      ___ Reserved      ___ Withdrawn

2.  <u>The subsequent modification of Champaign Police Department's "Use of Force" policy</u>. It is undisputed that as of the date of the incident, Section 1.3.2.C of Champaign Police Department's policy provided as follows:

> Deadly force may be used to kill a dangerous animal or an animal that is so severely injured that humanity requires its disposal to prevent further suffering.

It is further undisputed that  after this incident, the policy was amended to provide as follows:

> Deadly force may be used to kill an animal that either presents an imminent threat of death or great bodily harm to a person or is so severely injured that humanity requires its disposal to prevent further suffering.

The change in Champaign Police Department policy was made as a subsequent remedial measure in order to better define and eliminate any room for interpretation of the words "dangerous animal" in the prior version of the policy. (Docket No. 47-5, Swenson transcript, p. 109, l.6-22). Pursuant to Federal Rule of Evidence 407, when such subsequent measures are taken, evidence of these subsequent measures are not admissible to prove culpable conduct. Fed. R. Evid. 407.

___ Granted      ___ Denied      ___ Reserved      ___ Withdrawn

3.  <u>The testimony of Chelsea Angelo</u>. In her deposition, Angelo testified that she was the former Urbana Animal Control Warden and that she has no independent personal knowledge of any of the facts of this case. Angelo's only marginal connection to any of the issues in this case is that she initiated and ultimately gave a training seminar to Champaign Police Department officers relating to recognizing dog behavior several months after the subject incident. Therefore, any opinion testimony she may have as a lay witness regarding dog behavior, dog training or police officer training would not be based on the first-hand knowledge or observation and would be excluded. Fed. R. Evid. 602, 701.

Furthermore, she has not been disclosed as an expert on behalf of Plaintiffs or Defendants in this case. Therefore, any expert opinion testimony she may have to offer would be excluded. Fed. R. Evid. 702.

____ Granted        ____ Denied        ____ Reserved        ____ Withdrawn

4.  <u>The testimony of Officer Mathew Iverson</u>. Officer Iverson testified in his deposition that he was a K-9 officer with the Champaign Police Department. Similarly, Iverson testified that he has no independent personal knowledge of any of the facts of this case. Therefore, any opinion he may have as a lay witness regarding dog behavior, dog training or police officer training would not be based on the witness's first-hand knowledge or observations and would be excluded. Fed. R. Evid. 602, 701.

Furthermore, he has not been disclosed as an expert on behalf of Plaintiffs or Defendants in this case. Therefore, any expert opinion testimony he may have to offer would be excluded. Fed. R. Evid. 702.

____ Granted        ____ Denied        ____ Reserved        ____ Withdrawn

WHEREFORE, Defendants move this court for entry of an Order, which grants Defendants' motions *in limine* and excludes the testimonies of Chelsea Angelo and Officer Matt Iverson, and directs Plaintiffs, through their counsel, and any witnesses called by Plaintiffs, or cross-examined by Plaintiffs, to refrain from making any direct or indirect mention, whatsoever, or eliciting testimony in any way at the trial, before the jury, regarding the above matters without first obtaining permission from this Court, outside the presence of the jury.

Respectfully submitted,
Defendants, City of Champaign, Illinois
and Officer Andre Davis (Officer # 7786)

By: s/Thomas S. Yu_____
Thomas S. Yu, Bar No. 6273289

THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500
P.O. Box 560
Champaign, IL  61824-0560
Phone: (217) 351-1500
Fax:     (217) 351-2017
tyu@tmh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2015, I electronically filed the foregoing Motions *In Limine* with the Clerk of the Court using the CM/ECF system which will send notification to the attorneys of record.

/s/ Thomas Yu_____

Thomas S. Yu, Bar No. 6273289
THOMAS, MAMER & HAUGHEY, LLP

30 Main St., P.O. Box 560
Champaign, IL 61824-0560
Ph: (217) 351-1500
 *tyu@tmh-law.com*