IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACOB SAATHOFF, KATHY SAATHOFF, and KELSEY MARKOU,<br><br>    Plaintiffs,<br>v.<br><br>CITY OF CHAMPAIGN, ILLINOIS and OFFICER ANDRE DAVIS (officer # 7786),<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No.  13-cv-02253<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO MOTION *IN LIMINE***

NOW COME Defendants, City of Champaign and Officer Davis ("Davis"), by one of their attorneys, Thomas Yu, and requests that this court deny the motion *in limine* filed by Plaintiffs, Jacob Saathoff, Kathy Saathoff and Kelsey Markou ("Mardou") (Docket No. 56), and in support states as follows:

PROCEDURAL BACKGROUND

On 3/27/15, this court entered a scheduling Order, which, among other things, provided the following deadline for motions *in limine*:

> All motions in limine or any other pretrial motions must be filed with the Court **by the close of business on April 24, 2015**.

(Docket No. 42, para. 2)(Emphasis added.).

On 4/24/15, Defendants filed their respective motion *in limine* accordingly. Plaintiffs, however, did not comply with the scheduling Order and instead filed their respective motion *in limine* on Saturday, 4/25/15. Unlike other late filings by Plaintiffs, this motion was not prefaced by either a motion for extension of time or a motion for leave to file instanter. It was simply filed late without any reason given or good cause shown as required under Rule 6 of the Federal Rules of Civil Procedure. Once a deadline set in a scheduling order has passed, it may be extended only

1

upon a showing of both good cause and excusable neglect. *Adams v. City of Indianapolis*, Nos. 12-1874, 13-3422, 2014 WL 406772, at 10 (7th Cir. Feb.4, 2014); *Instant Tech., LLC v. DeFazio*, No. 12 CV 491, 2013 WL 2434614, at 2 (N.D.Ill. June 4, 2013). Because no good cause was shown as to why Plaintiffs' motion was not filed within the original time permitted by the scheduling Order and no excusable neglect was demonstrated as to why a motion for extension of time was not filed, Defendants object to the late filing and move to strike and bar the motion instanter. In the alternative, Defendants move for denial of the motion *in limine* for the following reasons.

## INTRODUCTION

The substantive grounds for Plaintiffs' motion *in limine* are misguided, unfounded and based on a misunderstanding of the Federal Rules of Civil Procedure and thus should be denied accordingly. The essence of Plaintiffs' arguments is that the nuances of deposition testimony that arose from the depositions of certain witnesses were not initially disclosed or supplemented in Defendants' Rule 26 Disclosures or Answers to Interrogatories and, therefore, Defendants should be barred from using this information at trial. Significantly, however, the applicable rules of discovery do not require the supplementing of discovery in the manner described by Plaintiffs in their motion.

## LEGAL STANDARD

Rule 26(e) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

26 (e) SUPPLEMENTING DISCLOSURES AND RESPONSES.
    (1) *In General*. A party who has made a disclosure under Rule 26(a)- or who had responded to an interrogatory, request for production, or request for admission- must supplement or correct its disclosure or response;

        (A) In a timely manner if the party learns that in some material respect the disclosure or response is incomplete or

> incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

(Emphasis added.)

Thus, Rule 26(e) requires supplementing disclosures if:

> (1) the prior disclosure is incomplete or incorrect in some material respect; and
> (2) the additional information has not otherwise been made known to the other parties.

The evidence that Plaintiffs seek to exclude is consistent with prior disclosures (made by the Plaintiffs or Defendants, respectively) and has otherwise been made known to the parties during the discovery process and therefore has complied with Rule 26.

## ARGUMENT

The federal rules applicable to discovery do not require a party to supplement or correct its discovery if the new information was provided at deposition. See *Farmland Indus., Inc. v. Morrison-Quirk Grain Corp.,* 54 F.3d 478, 482 (8th Cir. 1995)(Although the fact that an expert witness was expected to testify on causation was not identified in Rule 26(e) disclosure, court permitted disclosure because scope of testimony had been addressed at expert witness's deposition.*)* See also *Gutierrez v. AT&T Broadband, LLC,* 382 F.3d 725, 731 (7th Cir. 2004).

In *Gutierrez,* the Seventh Circuit reviewed the district court's denial of a motion to strike a certain witness's affidavit in defendants' summary judgment motion. *Id*. at 731. Finding that the plaintiffs had notice of this witness prior to the close of discovery, the court allowed the affidavit to stand. *Id*. at 732. Significantly, the court held that while parties are obligated to seasonably supplement their Rule 26(a) disclosures and interrogatory responses, such amendments are only required in certain circumstances, such as when the additional information "has not otherwise been made known to the other parties during the discovery process…" *Id*. at 733; see also *David v. Caterpillar, Inc.* 324 F.3d 851, 856 (7th Cir.2003). In addition, the mention

of a previously undisclosed person at deposition provided sufficient notice to other parties despite the failure to disclose the person's name in discovery responses, which permitted the person to offer evidence at trial. *Id.*

1. Motion in Limine No. 1 (A)

Plaintiffs seek to limit Defendants' witnesses at trial to four witnesses identified in their initial disclosures. All of the witnesses identified during discovery are fair game. Plaintiffs have identified 13 witnesses in their Rule 26 disclosures. A total of 12 total witnesses were deposed, 9 of which were conducted pursuant to plaintiffs' subpoenas for deposition testimony. These witnesses were sufficiently disclosed pursuant to written disclosures of the parties (if not in Defendants' disclosures then in Plaintiffs' disclosures) and their subsequent deposition testimonies, thus the parties have sufficient notice of the scope of each witness's personal knowledge relating to any of the issues in the case. Despite Plaintiffs' claims of an alleged failure to disclose witnesses, Defendants are entitled to call them as witnesses at trial.

2. Motion in Limine No. 1(B)

Plaintiffs seek to bar Defendants from calling any of the police officers identified in the police report because Defendants allegedly never identified their topics of testimony and never identified the police report that was referenced. Again, there are discovery documents and deposition testimony in the record which identify the relevant police report numbers and police officers. Such documents were disclosed by the parties and routinely used as exhibits at the 12 depositions that were conducted in this case. Thus, Plaintiffs have sufficient notice of the relevant police report numbers and the police officers identified in those police reports. Despite Plaintiffs' claims of an alleged failure to identify relevant police reports and police officers, Defendants are entitled to call them as witnesses at trial.

3.  Motion in Limine No. 1(C)

Plaintiffs seek to bar Defendants from calling any other witnesses concerning any matter whatsoever, and from questioning the four witnesses identified in its disclosures concerning any matter other than those specifically identified in the disclosures. Again, the parties have sufficient notice of the evidence that makes up the record in this case, which includes the scope of discovery documents and disclosures (from both Plaintiffs and Defendants) and subsequent deposition testimony. Thus, the parties have complied with Rule 26 and the Defendants are entitled to call any witnesses regarding any matters the court deems is relevant at trial.

4.  Motion in Limine No. 2

Plaintiffs seek to bar Defendants from introducing any testimony or other evidence, or presenting any legal authority, in opposition to Plaintiffs' damage claims and calculations in this case beyond the information provided in Defendants' Rule 26 Disclosures and Answers to Interrogatories. To the extent that there is other relevant evidence in the record which has otherwise been made known to the parties during the discovery process, such as Plaintiffs' disclosures, other documents, deposition testimony and affidavits, Defendants are entitled to introduce such evidence at trial in opposition to Plaintiffs' claims.

5.  Motion in Limine No. 3

Plaintiffs seek to bar Defendants from introducing any testimony or other evidence, or presenting any legal authority, purporting to provide any lawful justification or excuse for the shooting on 11/17/12 beyond the information provided in Defendants' Rule 26 Disclosures and Answers to Interrogatories.  Further, Plaintiffs seek to limit Defendants to presenting only such documentary evidence that was included in documents produced by Defendants on 8/5/14. All of the evidence in the record has been otherwise made known to the parties during the discovery

process and is fair game to support Defendants' defense against Plaintiffs' claims, including Plaintiffs' disclosures, documents in the record, deposition testimony and affidavits.

    6.   <u>Motion in Limine No. 4</u>

Plaintiffs seek to bar Defendants from questioning Tyrone Jones about his uncle's criminal background or incarceration, or about Jones' own educational background or family background, or from presenting any other information or evidence in possession of Defendants, including City of Champaign's police department concerning same.

A witness's credibility, bias, prejudice and competency are always relevant. The questions that Plaintiffs seek to bar all go to these issues and Defendants should be given latitude to explore these issues during the examination/cross-examination of Mr. Jones at trial.

    7.   <u>Motion in Limine No. 5</u>

Plaintiffs seek to bar Defendants from not questioning any witness or to present any other evidence concerning the character or demographics of the neighborhood or in any other way to suggest through questioning that the character or demographics of the area of the incident was in any way relevant or responsible for the shooting.

The reasonableness of the actions of both Markou and Davis are issues in this case. Any potential questions regarding the area where the incident occurred are relevant in considering whether their respective actions were reasonable in light of the totality of the circumstances, including their respective knowledge of the conditions of the area of the subject incident. Therefore, Defendants should not be barred from questioning witnesses regarding these issues.

CONCLUSION

Generally speaking, the intent of the federal rules applicable to discovery is to prevent unfair surprise and undue prejudice. The evidence that Plaintiffs seek to limit or bar was otherwise made known to the parties during the discovery process and is thus fair game at trial.

For the foregoing reasons, Defendants object to and move for entry of an order denying Plaintiffs' motion *in limine* and for such other relief as it deems just and proper.

    Respectfully submitted,
    Defendants, City of Champaign, Illinois
    and Officer Andre Davis (Officer # 7786)

By: s/Thomas S. Yu_____
    Thomas S. Yu, Bar No. 6273289

    THOMAS, MAMER & HAUGHEY, LLP
    30 Main St., Suite 500
    P.O. Box 560
    Champaign, IL  61824-0560
    Phone: (217) 351-1500
    Fax:    (217) 351-2017
    tyu@tmh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2015, I electronically filed the foregoing Defendants' Response to Plaintiffs' Motion *in Limine* with the Clerk of the Court using the CM/ECF system which will send notification to the attorneys of record.

    /s/ Thomas Yu_____

    Thomas S. Yu, Bar No. 6273289
    THOMAS, MAMER & HAUGHEY, LLP
    30 Main St., P.O. Box 560
    Champaign, IL 61824-0560
    Ph: (217) 351-1500
    *tyu@tmh-law.com*