UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACOB SAATHOFF, KATHY SAATHOFF, and KELSEY MARKOU, <br><br> Plaintiffs, <br> v. <br><br> CITY OF CHAMPAIGN, ILLINOIS, and OFFICER ANDRE DAVIS, <br><br> Defendants. | Case No. 13-CV-2253 |

## ORDER

This case is before the court for ruling on the Motions in Limine (#51) filed by Defendants the City of Champaign and Officer Andre Davis, and the Motion in Limine (#56) filed by Plaintiffs, Jacob Saathoff, Kathy Saathoff and Kelsey Markou. This court first notes that, based upon the Order (#65) entered on May 18, 2015, no claims against the City of Champaign remain in this case. Therefore, the clerk will be directed to terminate the City of Champaign as a party. This court will refer to the Motions in Limine (#51) as being brought by Davis, since he is the only remaining Defendant. This court has carefully reviewed the arguments of the parties and the documents filed by the parties. Following this careful and thorough review, Davis's Motions in Limine (#51) are GRANTED in part and DENIED in part and Plaintiffs' Motion in Limine (#56) is GRANTED in part and DENIED in part.

### STANDARD

The "motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v.*

*Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). District courts have "broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). A motion *in limine* "performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson*, 115 F.3d at 440. Therefore, "the party moving to exclude evidence *in limine* has the burden of establishing the evidence is not admissible for any purpose." *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009). Unless this high standard is met, rulings on evidentiary matters should be deferred until trial so that issues of foundation, relevance and prejudice may be resolved in the proper context. *Mason*, 631 F. Supp. 2d at 1055-56; *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003); *see also Jonasson*, 115 F.3d at 440.

DAVIS'S MOTION IN LIMINE

On April 24, 2015, Davis filed his Motions in Limine (#51). On May 8, 2015, Plaintiffs filed their Response (#60).

Davis first argued that evidence of Davis's post-dogfight chase and pursuit of the other dog is irrelevant to the issue of whether Davis unreasonably seized Plaintiffs' dog

while it was engaged in a dogfight. Davis argued that this evidence does not impact the analysis of whether Davis's use of deadly force against Plaintiffs' dog was unreasonable. Davis also argued that, even if the evidence is found to be marginally relevant, the probative value is substantially outweighed by the unfair prejudice of having such evidence admitted because admitting this evidence would confuse and distract the jury. In Response, Plaintiffs argued that allowance of Davis's request would deprive the jury of relevant information while substantially confusing the jury about the reason for the abrupt end of presented evidence. Plaintiffs also argued that Davis failed to offer any explanation of why the evidence could possibly confuse or distract the jury. This court agrees with Plaintiffs. This court concludes that evidence of the entire incident should be presented to the jury and further concludes that Davis has not adequately shown that the evidence he is seeking to bar would result in unfair prejudice. Davis's first request is denied.

Davis next argued that Plaintiffs should be barred from presenting evidence of the subsequent modification of the Champaign Police Department's "Use of Force" policy. Davis argued that the change in the policy was made as a subsequent remedial measure in order to better define and eliminate any room for interpretation of the words "dangerous animal" in the prior version of the policy. Davis argued that evidence of this subsequent measure is not admissible to prove culpable conduct under Rule 407 of the Federal Rules of Evidence. In their Response, Plaintiffs argued that the evidence should be admitted because it is not being offered to prove "culpable

conduct." Plaintiffs argued that Davis's conduct in shooting Dog was culpable, irrespective of the City's policy. Plaintiffs also argued that "the policy is merely the City's express agreement with and acceptance and encouragement of Davis's bad conduct." This court agrees with Plaintiffs that the subsequent modification of the policy has no relevance to Davis's culpability in this case. And, because this court entered an Order (#65) and granted summary judgment in favor of the City of Champaign, there is no reason to present this evidence to the jury. This court notes that it also determined, in ruling on the Motions for Summary Judgment, that this evidence was inadmissible under Rule 407 to show that the City of Champaign was culpable in this action. Davis's second request is granted.

  Davis next argued that Plaintiffs should be barred from presenting the testimony of Chelsea Angelo. Davis stated that, at her deposition, Angelo testified that she was the former Urbana Animal Control Warden and that she has no independent personal knowledge of any of the facts of this case. Angelo stated that she initiated and ultimately gave a training seminar to Champaign Police Department officers relating to recognizing dog behavior several months after this incident. Davis argued that any opinion testimony Angelo may have as a lay witness regarding dog behavior, dog training or police officer training would not be based on first-hand knowledge or observation and should be excluded. Davis further argued that Angelo was not disclosed as an expert so that any expert opinion testimony she may have to offer should be excluded. In Response, Plaintiffs argued that Angelo personally knows them

and had personal knowledge of their relationship with Dog and of the impact the shooting had upon them.  Plaintiffs also argued that Angelo's testimony will be based upon her own personal knowledge of the behavior of dogs while fighting, of means and techniques for stopping dogfights, of training that is useful to police officers for responding to dog fights, of Plaintiffs' relationship with their dog, and of the specific training provided to the Champaign Police Department.

    This court notes that, in its Order (#65), it found that the City of Champaign was entitled to summary judgment on Plaintiffs' failure to train claim.  Therefore, this court concludes that any testimony by Angelo regarding training which is useful and training which she subsequently provided is not relevant to the claim against Davis, which is the only remaining claim in this case.  This court further concludes that all of Angelo's testimony, other than her testimony based upon her personal knowledge of Plaintiffs, cannot be considered lay opinion testimony because it is based upon "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).  As the Seventh Circuit Court of Appeals has explained:

> Lay opinion testimony most often takes the form of a summary of first-hand sensory observations. *See Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196-1202 (3d Cir. 1995).  The opinion provides the jury with a more complete picture than would be provided by a recitation of each component fact.  "Lay opinion testimony is admissible only to help the jury or the court to

understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events."

*United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001). Expert opinion, by contrast, need not be based on first-hand knowledge of the facts of the case. It brings to an appraisal of those facts a scientific, technological or other specialized knowledge that the lay person cannot be expected to possess.

*United States v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002) (footnote omitted). Angelo was not present during the incident, so her testimony would not be based upon her observations at that time and would instead be based upon her training and years of experience in animal control. Therefore, it is not lay opinion testimony and is not admissible under Rule 701. And, because Angelo was not disclosed as an expert, she cannot provide expert testimony regarding these matters pursuant to Rule 702 of the Federal Rules of Evidence. Therefore, Davis's Motion is granted as to Angelo's testimony regarding training, dog behavior, and techniques for stopping dogfights. This court cannot conclude that Angelo's other testimony, related to her knowledge of Plaintiffs' relationship with Dog and the impact the shooting had on them, would be inadmissible for any purpose. Davis's Motion is denied as to Angelo's testimony on these matters.

Davis's last argument is that the testimony of Matthew Iverson should be

excluded.  Davis stated that Iverson testified at his deposition that he was a K-9 officer with the Champaign Police Department and has no independent knowledge of any of the facts of this case.  Davis argued that any opinion he may have as a lay witness regarding dog behavior, dog training or police officer training would not be based on the witness's first-hand knowledge or observations and should be excluded.  Davis also argued that Iverson was not disclosed as an expert so that any expert opinion testimony he may have to offer should be excluded.  In their Response, Plaintiffs did not contest that Iverson has no independent knowledge of any of the facts of this case and was not disclosed as an expert.  This court therefore concludes that Iverson's testimony must be excluded.  Davis's Motion is granted as to Iverson's testimony.

## PLAINTIFFS' MOTION IN LIMINE

On April 25, 2015, Plaintiffs filed their Motion in Limine (#56).[1]  On May 6, 2015, Davis filed a Response (#58).

Plaintiffs have first asked this court to bar Davis from calling any witnesses other than the four potential witnesses disclosed in the Rule 26(a) Initial Disclosures: Kelsey Markou, Andre Davis, Tyrone Jones and Matthew Crane.  Plaintiffs argued that Davis did not supplement the disclosures to include any other witnesses.  In his Response, Davis argued that the federal rules applicable to discovery do not require a party to supplement or correct its discovery if the new information was provided at deposition

---

[1] As Davis has pointed out, pursuant to this court's Order (#42), all pretrial motion were due by April 24, 2015.  This court has allowed Plaintiffs' late filing by text order entered on May 11, 2015.

or during the discovery process. This court notes that, in its Order (#65) which ruled on the parties' Motions for Summary Judgment, this court denied Plaintiffs' Motion to Strike Non-Disclosed Testimony. This court concluded that Defendants did not need to supplement their disclosures if the evidence had "otherwise been made known to the other parties during the discovery process," pursuant to Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure. This court therefore concludes that Plaintiffs' first request must be denied. To the extent that the testimony Davis intends to present at trial was disclosed during the discovery process, the evidence will not be barred. Of course, Davis will be limited to presenting evidence which is relevant to the claim against him.

Plaintiffs second request is to bar Davis from introducing any testimony or evidence, as well as any legal authority, in opposition to Plaintiffs' damage claims and calculations. In Response, Davis argued that, to the extent that there is relevant evidence in the record which has otherwise been made known to the parties during the discovery process, such as Plaintiffs' disclosures, other documents, deposition testimony and affidavits, he is entitled to introduce such evidence at trial in opposition to Plaintiffs' claims. This court agrees with Davis that, to the extent that the evidence he intends to present at trial was disclosed during the discovery process and is relevant, the evidence will not be barred.

For their third request, Plaintiffs have asked this court to bar Davis from introducing any testimony or other evidence, or presenting any legal authority, regarding any lawful justification or excuse for the shooting on November 17, 2012,

beyond the information provided in Defendants' Rule 26 Disclosures and Answers to Interrogatories.  This court again concludes that Davis can present any evidence which was disclosed during the discovery process, to the extent it is relevant.

For their fourth request, Plaintiffs have asked this court to bar Davis from questioning Tyrone Jones about his uncle's criminal background or incarceration or about Jones' own educational background or family background.  Plaintiffs argued that the personal and potentially sensitive or embarrassing information concerning Jones is not relevant to any issue in this case and would serve no purpose other than to embarrass him or possibly to improperly inflame the jury.  In Response, Davis argued that Jones' credibility, bias, prejudice and competency are relevant issues in this case.  Davis argued that the questions that Plaintiffs seek to bar go to these issues and he should be given latitude to explore these issues during the examination of Jones at trial.  This court concludes that Davis has not shown that evidence of Jones' uncle's criminal background or incarceration or Jones' own educational background or family background would have any relevance to the issues of Jones' credibility, bias, prejudice or competency.  As Plaintiffs have pointed out, Jones was a mere witness to the incident and has no stake or claim in the outcome of this case.  Plaintiffs' request is granted.

Plaintiffs' fifth and last request is for an order barring Davis from presenting evidence concerning that character or demographics of the neighborhood where the incident occurred or in any other way suggesting through questioning that the character or demographics of the area was in any way relevant or responsible for Davis's act of

shooting Dog on November 17, 2012.  In Response, Davis argued that the reasonableness of the actions of both Plaintiff Kelsey Markou and Davis are issues in this case.  He argued that any potential questions regarding the area where the incident occurred are relevant in considering whether their respective actions were reasonable in light of the totality of the circumstances.  This court agrees with Plaintiffs that the evidence sought to be excluded has no relevance to what occurred in this case.  Any neighborhood could have a loose, stray dog and this court cannot see how the type of neighborhood had any effect on Davis's actions in responding to the dogfight.  Plaintiffs's request is granted.

   IT IS THEREFORE ORDERED THAT:

   (1) The clerk is directed to terminate the City of Champaign as a party.

   (2) Davis's Motions in Limine (#51) are GRANTED in part and DENIED in part.

   (3) Plaintiffs' Motion in Limine (#56) is GRANTED in part and DENIED in part.

   (4) This case remains scheduled for a final pretrial conference on May 22, 2015 at 10:30 a.m. and for a jury trial on July 7, 2015 at 9:30 a.m.

         ENTERED this 20th day of May, 2015.


            s/COLIN S. BRUCE
            U.S. DISTRICT JUDGE