**E-FILED**
Friday, 22 May, 2015  11:38:18 AM
Clerk, U.S. District Court, ILCD

FILED

MAY 22 2015

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

# IN THE UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| JACOB SAATHOFF, KATHY SAATHOFF, and KELSEY MARKOU, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   13-cv-02253 |
| | ) | |
| CITY OF CHAMPAIGN, ILLINOIS and OFFICER ANDRE DAVIS (officer # 7786), | ) | |
| | ) | |
| Defendants. | ) | |

## PRE-TRIAL ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Stephen F. Hedinger, of Sorling Northrup, having appeared as counsel for the plaintiffs, Jacob Saathoff, Kathy Saathoff and Kelsey Markou, and

David E. Krchak and Thomas S. Yu, of Thomas, Mamer & Haughey, LLP, having appeared as counsel for the defendants, City of Champaign, Illinois and Officer Andre Davis,

the following action was taken:

## I. NATURE OF ACTION AND JURISDICTION

This action as filed by Plaintiffs sought civil rights damages, 42 U.S.C. §1983, state-law tort damages, and damages under the Illinois Humane Care for Animals Act, 510 ILCS 70/16.3, and the jurisdiction of the Court is invoked under 28 U.S.C. §1331 and 28 U.S.C. §1367. This Court subsequently entered a summary judgment against Plaintiffs upon all counts except the civil rights claim, and therefore this Court's jurisdiction is unaffected. The jurisdiction of the Court is not disputed.

## II. JOINT STATEMENT

A.     JURISDICTION

The parties agree that jurisdiction is properly before this Court pursuant to U.S.C. §1331, because the complaint seeks relief under the Constitution and a statute of the United States.

B.    UNCONTESTED ISSUES OF FACT

The parties refer to pleadings associated with their respective motions for summary judgment and to this Court's order of May 18, 2015, for recitation of specific individual uncontested facts. In terms of the remaining count of Plaintiffs' complaint (4th Amendment violation -- unlawful seizure of property), the following facts are uncontested:

- Defendant Davis, acting under color of state law, shot Plaintiffs' dog.

- The dog was property of Plaintiffs.

- The dog's death caused injury to Plaintiffs.

C.    CONTESTED ISSUES OF FACT

The parties refer to the pleadings associated with their respective motions for summary judgment for recitation of specific disputes as to facts. In terms of the remaining count of Plaintiffs' complaint (4th Amendment violation - unlawful seizure of property), the following facts are contested:

- Whether Defendant Davis acted reasonably when he shot Plaintiffs' dog.

- The amount and value of the damages claimed by Plaintiffs.

D.    CONTESTED ISSUES OF LAW

The parties identify the following contested issue of law:

- Whether Defendant Davis's actions are protected by qualified immunity.

- The nature of damages recoverable by Plaintiffs for the shooting of Dog in violation of their 4th Amendment rights, pursuant to 42 U.S.C. §1983.

E.    JURY DEMAND

Plaintiffs and Defendant have each demanded jury trial as to the Section 1983 claim.

### III. PLAINTIFFS' STATEMENT

A.    ITEMIZED STATEMENT OF DAMAGES

Following is a statement of Plaintiffs' claimed damages. It is understood and agreed between the parties that Defendant does not agree with the availability of all claimed elements of damages or the amounts claimed.

1. Loss of Dog:

    A.    Value of Replacement - $3,000

    B.    Cost of Lost Improvements to Dog (training investment) - $30,000

    C.    Lost Profits / Loss of Breeding Opportunity - $50,000

2. Emotional Injury / Pain and Suffering

    A.    Jacob Saathoff - To be determined by jury.

    B.    Kathy Saathoff - To be determined by jury.

    C.    Kelsey Markou - To be determined by jury.

3. Punitive Damages - To be determined by jury.

4. Costs and Attorney's Fees

## IV. EXHIBITS ATTACHED

The following are attached as exhibits to this order and are made a part hereof:

A.    Plaintiffs' Witness Lists (for each plaintiff).

B.    Defendant's Witness List.

C.    Plaintiffs' Exhibit Lists (for each plaintiff).

D.    Defendant's Exhibit List.

E.    Joint Exhibit List.

F.    Demonstrative Aid List for Plaintiffs.

G.    Proposed Jury Instructions (Joint).

H.    Plaintiffs' Proposed Instructions (only if objections by defendant).

I.    Defendant's Proposed Instructions (only if objections by plaintiffs).

## V. GENERAL ADDITIONAL

The following additional action was taken:

[Recite amendments to pleadings, additional agreements of the parties on the qualifications of expert witnesses or any other subject, disposition of motions at the conference, etc., if necessary. If no such action was taken, leave this paragraph out of the Order.]

IT IS UNDERSTOOD BY THE PARTIES THAT:

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed 4 full days. The case will be listed on the trial calendar to be tried when reached.

Once a final version of this order has been approved by the Court, it may be modified at the trial of the action, or prior thereto, only to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

IT IS SO ORDERED.

_____
Judge

ENTERED: _____

APPROVED AS TO FORM AND SUBSTANCE:
s/Stephen Hedinger

_____
Attorney for the Plaintiffs
   s/Thomas Yu

_____
Attorney for the Defendants

DUE TO PRIVACY ISSUES, THE

WITNESS LISTS HAVE BEEN REMOVED

FROM THE FINAL PRETRIAL ORDER


THE WITNESS LISTS WILL BE

E-MAILED TO ATTORNEYS OF RECORD

AND WILL BE MAILED CONVENTIONALLY

TO PRO SE PARTIES

## EXHIBIT LIST FOR PLAINTIFF JACOB SAATHOFF
### (One for Each)

Counsel reminded to review Local Rule 5.11 regarding redactions.

| Case Name:<br>Saathoff v. City of Champaign | Case No.: 13-2253 | Page 1 of 1 |
|---|---|---|

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | AKC Pedigree Documentation | | | |
| 2 | Group -- Photos of Dog | | | X |
| 3 | Videos of Dog | | | X |
| 4 | Veterinary Records / Receipts | | | X |
| 5 | Pictures of Dog 11/17/2012 (by Jake) | | | |
| 6 | Training documents (Paul Lance) | | | X |
| 7 | Fabric collar | | | |
| 8 | Metal Collar | | | |
| 9 | Police reports (Group) | | | |
| 10 | Dispatch Notes | | | |
| 11 | Necropsy Report | | | |
| 12 | Rea to Davis Memorandum 3-6-2013 | | | X |
| 13 | List of equipment | | | X |
| 14 | Memo of reprimand - Davis first shooting  11/9/2009 | | | X |
| 15 | CPD Photos of 11/17/2012 (group) | | | |
| | | | | |

EXHIBIT LIST FOR PLAINTIFF KATHY SAATHOFF
(One for Each)

Counsel reminded to review Local Rule 5.11 regarding redactions.

| Case Name:<br>Saathoff v. City of Champaign | Case No.: 13-2253 | Page 1 of 1 |
|---|---|---|

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | AKC Pedigree Documentation | | | |
| 2 | Group -- Photos of Dog | | | X |
| 3 | Videos of Dog | | | X |
| 4 | Veterinary Records / Receipts | | | X |
| 5 | Pictures of Dog 11/17/2012 (by Jake) | | | |
| 6 | Training documents (Paul Lance) | | | |
| 7 | Fabric collar | | | |
| 8 | Metal Collar | | | |
| 9 | Police reports (Group) | | | |
| 10 | Dispatch Notes | | | |
| 11 | Necropsy Report | | | |
| 12 | Rea to Davis Memorandum 3-6-2013 | | | X |
| 13 | List of equipment | | | X |
| 14 | Memo of reprimand - Davis first shooting  11/9/2009 | | | X |
| 15 | CPD Photos of 11/17/2012 (group) | | | |

EXHIBIT LIST FOR PLAINTIFF KELSEY MARKOU
(One for Each)

Counsel reminded to review Local Rule 5.11 regarding redactions.

| Case Name:<br>Saathoff v. City of Champaign | Case No.: 13-2253 | Page 1 of 1 |
|---|---|---|

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | AKC Pedigree Documentation | | | |
| 2 | Group -- Photos of Dog | | | X |
| 3 | Videos of Dog | | | X |
| 4 | Veterinary Records / Receipts | | | X |
| 5 | Pictures of Dog 11/17/2012 (by Jake) | | | |
| 6 | Training documents (Paul Lance) | | | |
| 7 | Fabric collar | | | |
| 8 | Metal Collar | | | |
| 9 | Police reports (Group) | | | |
| 10 | Dispatch Notes | | | |
| 11 | Necropsy Report | | | |
| 12 | Rea to Davis Memorandum 3-6-2013 | | | X |
| 13 | List of equipment | | | X |
| 14 | Memo of reprimand - Davis first shooting  11/9/2009 | | | X |
| 15 | CPD Photos of 11/17/2012 (group) | | | |
| | | | | |

## EXHIBIT LIST FOR DEFENDANT ANDRE DAVIS
(One for Each)

Counsel reminded to review Local Rule 5.11 regarding redactions.

| Case Name:<br>Saathoff v. City of Champaign | Case No.: 13-2253 | Page 1 of 1 |
|---|---|---|

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | 4 Photos of dog at Scene  11/17/2012 | | | |
| 2 | Swanson 12/14/2012 Letter | | | X |
| 3 | 1/10/2013 Cobb Letter | | | X |
| 4 | Police Reports | | | |
| 5 | 11/17/2012 Police report photos of dog | | | |
| 6 | Report by Champaign County Animal Control | | | |
| 7 | Old use of force policy | | | |
| | | | | X |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## DEMONSTRATIVE AID LIST FOR PLAINTIFFS
(One for Each)

Counsel reminded to review Local Rule 5.11 regarding redactions.

| Case Name:<br>Saathoff v. City of Champaign | Case No.: 13-2253 | Page 1 of 1 |
|---|---|---|

| No: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| | Google Earth Picture of Intersection of John St. and Crescent Drive, Champaign, IL | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

41N3432 5/21/2015

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow those instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

41N2540 5/20/2015

Agreed Jury Instruction No. 1
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source:  Seventh Circuit Pattern Jury Instruction 1.01*

## TESTIMONY OF WITNESSES
### (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.   You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, and know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

41N2546 5/20/2015

Agreed Jury Instruction No. 2
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.13*

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

41N2676 5/20/2015

Agreed Jury Instruction No. 4
_____  Given
_____  Rejected
_____  Withdrawn
_____  Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.06*

# NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

41N2687 5/20/2015

Agreed Jury Instruction No. 5
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.07*

## CONSIDERATION OF ALL EVIDENCE
## REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence

bearing on the question regardless of who introduced it.

41N2697 5/20/2015

---

Agreed Jury Instruction No. 6
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.08*

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

41N2701 5/20/2015

---

Agreed Jury Instruction No. 7
\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_\_\_ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.11*

## DEFINITION OF "DIRECT"
## AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

41N2707 5/20/2015

Agreed Jury Instruction No. 8
\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_\_\_ Objected to

*Source:  Seventh Circuit Pattern Jury Instruction 1.12*

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider the statements given by any party or witness who testified under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

41N2858 5/20/2015

Agreed Jury Instruction No. 9
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.14*

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

41N2885 5/20/2015

Agreed Jury Instruction No. 10
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.16*

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and materials mentioned during this trial.

41N2888 5/20/2015

Agreed Jury Instruction No. 11
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source:  Seventh Circuit Pattern Jury Instruction 1.18*

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you may be persuaded that it is more probably true than not true.

41N2898 5/20/2015

Agreed Jury Instruction No. 12
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.27*

## ISSUE

Plaintiffs claim that Defendant Andre Davis violated their right to be free of unreasonable seizures of their property by shooting their dog in violation of the Fourth Amendment to the United States Constitution.

The Defendant denies this claim.

Agreed Jury Instruction No. 13
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

41N3353 5/20/2015

Agreed Jury Instruction No. 14
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.34*

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

41N3375 5/20/2015

Agreed Jury Instruction No. 15
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source:  Seventh Circuit Pattern Jury Instruction 1.33*

## SELECTION OF PRESIDING JUROR;
## GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Verdict form has been prepared for you.

[Verdict form read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

41N3409 5/20/2015

---

Agreed Jury Instruction No. 16
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source:  Seventh Circuit Pattern Jury Instruction 1.32*

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose.  You must consider this evidence only for a limited purpose for which it was admitted.

41O1319 5/21/2015

Agreed Jury Instruction No. 17
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source:  Seventh Circuit Pattern Jury Instruction 1.09*

## DEMONSTRATIVE EXHIBITS

Certain maps have been shown to you.  Those are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

41O1330 5/21/2015

Agreed Jury Instruction No. 18
_____  Given
_____  Rejected
_____  Withdrawn
_____  Objected to

*Source:  Seventh Circuit Pattern Jury Instruction 1.24*

**FOURTH AMENDMENT:  SEIZURE - DEFINITION OF "UNREASONABLE"**

You must decide whether Defendant's seizure was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced.  You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now.  In deciding whether Defendant's seizure was unreasonable, you must not consider whether Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

4101369 5/21/2015

Agreed Jury Instruction No. 19
_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source:  Modified Seventh Circuit Pattern Jury Instruction 7.09; Viilo v. Eyre, 547 F.3d 707, 710 (7th Cir. 2008)*

## FOURTH AMENDMENT - DAMAGES (PREFATORY)

If you find that Plaintiffs have proved their claims for Fourth Amendment violations against Defendant Davis then you must determine what amount of damages, if any, Plaintiffs are entitled to recover from Defendant Davis.

If you find that Plaintiffs have failed to prove their claims against Defendant Davis, then you will not consider the question of damages.

41N5515 5/21/2015

Agreed Jury Instruction No. 20
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.22 modified.*

## FOURTH AMENDMENT - DAMAGES (PUNITIVE)

If you find for Plaintiffs, you may, but are not required to, assess punitive damages against Defendant Davis. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiffs must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiffs' rights if, under the circumstances, it reflects complete indifference to Plaintiffs' safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiffs;

- the relationship between Plaintiffs and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made

- The relationship of any award of punitive damages to the amount of actual harm the Plaintiffs have suffered

41N5521 5/21/2015

---

Agreed Jury Instruction No. 21
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

_Source:  Seventh Circuit Pattern Jury Instruction 7.24 modified_

## SPOLIATION/DESTRUCTION OF EVIDENCE

Plaintiffs contend that Defendant at one time possessed photographs of the pit bull dog that attacked their pet family dog, taken at the scene of the occurrence.   However, Defendant contends that the loss of those photographs was accidental, and that the photographs have disappeared for unknown reasons.

You may assume that such evidence would have been unfavorable to Defendant only if you find by a preponderance of the evidence that:

1.      Defendant intentionally destroyed or hid the evidence; and

2.      Defendant destroyed the evidence or caused it to be hidden in bad faith.

41N6277 5/21/2015

Plaintiffs' Jury Instruction No. 1
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source:  Seventh Circuit Pattern Jury Instruction 1.20*

## FOURTH AMENDMENT - UNREASONABLE SEIZURE - ELEMENTS

Plaintiffs claim that Defendant Davis unreasonably shot their dog. To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1.  Defendant Davis's shooting of the dog was unreasonable; and

2.  Because of the unreasonable seizure, the Plaintiffs were harmed.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you should find for Plaintiffs and against Defendant Davis, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have not proved any one of these things by a preponderance of the evidence, then you should find for Defendant Davis, and you will not consider the question of damages for Plaintiffs.

41N2932 5/21/2015

Plaintiffs' Jury Instruction No. 2
\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_\_\_ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.08 modified; Viilo v. Eyre, 547 F.3d 707, 710 (7th Cir. 2008)*

## FOURTH AMENDMENT - DAMAGES (COMPENSATORY)

If you find in favor Plaintiffs then you must determine the amount of money that will fairly compensate Plaintiffs for any injury that you find they sustained and are reasonably certain to sustain in the future as a direct result of the unreasonable shooting of their dog by Defendant Davis. These are called "compensatory damages".

Plaintiffs must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.     The mental/emotional pain and suffering that each Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of mental/emotional pain and suffering. You are to determine an amount that will fairly compensate each of the Plaintiffs for the injury he or she has sustained.

2.     The reasonable value of another dog with similar and comparable attributes and abilities to those of the dog killed by Defendant Davis, including all costs necessary to train and educate the replacement dog to the same level as the Plaintiffs' former dog.

3.     The amount of money Plaintiffs have lost by reason of their inability to breed the dog killed by Defendant Davis.

4.     Compensation for other losses caused by the killing of Plaintiffs' dog not otherwise compensated in the above elements.

41N5518 5/21/2015

Plaintiffs' Jury Instruction No. 3
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source:  Seventh Circuit Pattern Jury Instruction 7.23 modified; Memphis Comm. School Dist. v. Stachura, 477 U.S. 299, 305-06 (1986);  IPI 30.16 modified; Cruthis v. Firstar Bank, N.A., 354 Ill. App.3d 1122, 1135-36 (5th Dist. 2005); Restatement (Second) of Torts, Section 927 (1979)*

# VERDICT FORM

## LIABILITY

On Plaintiffs' unreasonable seizure claim against Defendant Andre Davis, WE, THE JURY, find in favor of:

(CHECK ONE) Plaintiffs _____ Defendant _____

## DAMAGES

Please complete the following section only if the above finding is in favor of Plaintiffs. If the above finding is in favor of Defendant, please sign and date this form because you have completed deliberations on this claim.

Compensatory Damages

We find Plaintiff Jacob Saathoff's compensatory damages to be:

$ _____

We find Plaintiff Kathy Saathoff's compensatory damages to be:

$ _____

We find Plaintiff Kelsey Markou's compensatory damages to be:

$ _____

Please complete the following section only if you assess punitive damages against the Defendant.

Punitive Damages

We find punitive damages against Defendant Davis to be:

$ _____

Please sign and date below and return the entire Verdict Form to the marshal (Each juror must sign the form).

Date: _____

_____          _____
Foreperson                                                    Juror

_____          _____
Juror                                                              Juror

_____          _____
Juror                                                              Juror

_____          _____
Juror                                                              Juror

_____          _____
Juror                                                              Juror

_____          _____
Juror                                                              Juror

Plaintiffs' Verdict Form
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

41N6702 5/21/2015                                      2

## 1.04 EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

Defendant's Jury Instruction No. _____

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source:  Seventh Circuit Pattern Jury Instruction 1.04

## 1.31 NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Defendant's Jury Instruction No. _____

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source:  Seventh Circuit Pattern Jury Instruction 1.31

## 7.01 GENERAL: POLICE DEPARTMENT/MUNICIPALITY
## NOT A PARTY

Defendant is being sued as an individual. Neither the City of Champaign Police Department nor City of Champaign is a party to this lawsuit.

Defendant's Jury Instruction No. _____

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source:  Seventh Circuit Pattern Jury Instruction 7.01

## 7.02 GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiffs must prove by a preponderance of the evidence that Andre Davis was personally involved in the conduct that Plaintiff complains about. You may not hold Andre Davis liable for what other employees did or did not do.

Defendant's Jury Instruction No. _____

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source:  Seventh Circuit Pattern Jury Instruction 7.02

## 7.04 LIMITING INSTRUCTION CONCERNING
## EVIDENCE OF STATUTES, ADMINISTRATIVE RULES,
## REGULATIONS, AND POLICIES

You have heard evidence about whether Defendant's conduct was within the Champaign Police Department's Use of Force Policy. You may consider this evidence in your deliberations. But remember that the issue is whether Defendant unreasonably seized Plaintiff's property, not whether a policy might have been violated.

Defendant's Jury Instruction No. _____

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source:  Seventh Circuit Pattern Jury Instruction 7.04

**7.08 FOURTH AMENDMENT:**
**UNREASONABLE SEIZURE– ELEMENTS**

In this case, Plaintiffs claim that Defendant unreasonably seized their property. To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1.  Defendant intentionally seized Plaintiffs' property;
2.  The seizure was unreasonable; and
3.  Because of Defendant's unreasonable seizure, Plaintiffs were harmed.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you should find for Plaintiffs, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs did not prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

Defendant's Jury Instruction No. _____

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source:  Modified Seventh Circuit Pattern Jury Instruction 7.08; *Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008)

### 7.23 DAMAGES: COMPENSATORY

If you find in favor of Plaintiffs, then you must determine the amount of money that will fairly compensate Plaintiffs for any injury that you find they sustained as a direct result of the unreasonable seizure.  These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork.

You should consider the following type of compensatory damages, and no others:

1. The damage to property, determined by the fair market value of the property immediately before the unreasonable seizure.

If you find in favor of Plaintiffs but find that the Plaintiffs have failed to prove compensatory damages, you must return a verdict for Plaintiffs in the amount of one dollar ($1.00).

Defendant's Jury Instruction No. _____

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

Source:  Modified Seventh Circuit Pattern Jury Instruction 7.23; see ILLINOIS PATTERN INSTRUCTIONS (CIVIL) Sec. 30.15

IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JACOB SAATHOFF, KATHY SAATHOFF,       )
and KELSEY MARKOU,                    )
                                      )
          Plaintiffs,                 )
     v.                               )          No.  13-cv-02253
                                      )
OFFICER ANDRE DAVIS                   )
(officer # 7786),                     )
                                      )
          Defendant.                  )

## **VERDICT FORM**

On Plaintiffs' unreasonable seizure claim against Defendant Andre Davis, we, the

jury, find in favor of:

(CHECK ONE)       Plaintiff _____          Defendant  _____


Please sign below and return this form to the Court.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                          FOREPERSON


Defendant's Verdict Form No. _____

____  Given
____  Rejected
____  Withdrawn
____  Objected to

IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JACOB SAATHOFF, KATHY SAATHOFF,　　　)
and KELSEY MARKOU,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs,　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　　)　　No.  13-cv-02253
　　　　　　　　　　　　　　　　　　　　)
OFFICER ANDRE DAVIS　　　　　　　　　)
(officer # 7786),　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　　)

## **DAMAGES FORM**

Having found in favor of Plaintiffs on their unreasonable seizure claim against Defendant

Andre Davis,

WE, THE JURY, assess compensatory damages in the amount of $_____.

Please sign below and return this form to the Court.

_____　　　_____

_____　　　_____

_____　　　_____

_____　　　_____

_____　　　_____

_____　　　FOREPERSON


Defendant's Damages Form No. _____

____ Given
____ Rejected
____ Withdrawn
____ Objected to