IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS RUSSELL III, DARCELL RUSSELL and THOMAS RUSSELL II, on their own behalf and on behalf of their son DARREN RUSSELL, a minor, | No. 10 CV 0525 |
| | Judge George M. Marovich |
| Plaintiffs, | Magistrate Judge Sidney I. Schenkier |
| v. | |
| CITY OF CHICAGO, OFFICER KATALINIC (Star # 7187), OFFICER KASPER (Star # 3019) OFFICER MOHAMMAD (Star #19999), OFFICER ANTONSEN (Star # 19692), and SERGEANT MARTIN MURPHY, | |
| Defendants. | JURY TRIAL DEMANDED |

### AMENDED COMPLAINT

NOW COME Plaintiffs, THOMAS RUSSELL III, THOMAS RUSSELL II and DARCEL RUSSELL, on their own behalf and on behalf of their minor son, DARREN RUSSELL, by and through their attorneys Smith, Johnson, & Antholt, LLC, and complaining of Defendants, CITY OF CHICAGO, OFFICER KATALINIC, OFFICER KASPER, OFFICER MOHAMMAD, OFFICER ANTONSEN, and SERGEANT MURPHY, stating as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' Fourth Amendment rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all

parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## The Parties

3. Plaintiffs, Thomas and Darcel Russell, and their sons Darren and Thomas Russell are residents of Chicago, Cook County, Illinois.

4. Defendant Officers Katalinic, Antonsen, Mohammad, and Kasper, and Sergeant Murphy ("Defendant Officers") were at the time of this occurrence Chicago Police Officers. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of respondeat superior on the pendant State law claims.

## Background

6. On the evening of February 27, 2009, eighteen year-old Thomas Russell III and his brother, sixteen year-old Darren Russell, were at home in their second-floor apartment with their nine-year old black lab, Lady.

7. Thomas heard a commotion coming from the first floor apartment. Shortly thereafter, Defendant Officers Katalinic, Kasper, Mohammad, and Antonsen arrived at his apartment's front door.

8. Thomas opened the door to the officers and asked if he could put away his dog, who was very friendly and who would be coming into the front room at any moment.

2

9. Officer Katalinic responded by putting a gun to Thomas' head, pushing Thomas to the floor, and handcuffing him.

10. The Russells' dog, Lady, came into the front room with her tail wagging. Without hesitation, Officer Antonsen shot Lady in the head.

11. Lady, who had been part of the Russell family since she was a puppy, was instantly killed.

12. When Darren—who had heard a gunshot, commotion and his brother crying—came out of his room, Defendants pointed a gun at his head and handcuffed him even though he had done nothing wrong.

13. Thomas was arrested by Defendants Kasper, Mohammed and Murphy. He was charged with obstruction of service of process even though he had done nothing to obstruct the officers. The charge was resolved in a manner indicative of his innocence.

14. The Defendant Officers entered and searched Plaintiffs' home pursuant to a search warrant obtained by Defendant Officer Kasper. Officer Kasper knowingly used false and unreliable information in order to obtain a warrant to search Plaintiffs' home.

### Count I – 42 U.S.C. § 1983
### Fourth Amendment – Excessive Force

15. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

16. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

17. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

18. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

19. As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiff suffered injuries including emotional anguish, pain, suffering, and the loss of their beloved dog, Lady.

**Count II – 42 U.S.C. § 1983**
**Fourth Amendment – Illegal Seizure**

20. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

21. The seizure of Plaintiffs' dog, Lady, as detailed above, violated Plaintiffs' Fourth Amendment right to be free of unreasonable seizures.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

23. As a result of the Defendant Officers' illegal seizure, Plaintiffs suffered injury, including emotional anguish, pain, suffering, and the loss of their beloved dog, Lady.

**Count III – 42 U.S.C. Section 1983**
**Fourth Amendment - Illegal Search**

24. Each of the foregoing paragraphs is incorporated as if restated fully herein.

25. The search of the Plaintiffs' home was in violation of Plaintiffs' rights to be free of unreasonable searches under the Fourth Amendment to the Constitution of the United States.

26. Officer Kasper knowingly used false and unreliable information in order to obtain a warrant to search Plaintiffs' home. He did so with willful indifference to Plaintiffs' constitutional rights.

27. As a proximate result of the above-detailed actions of Defendants Officer Kasper, Plaintiffs suffered injury including, but not limited to emotional distress.

4

### Count IV – 42 U.S.C. § 1983
### Fourth Amendment – False Arrest

28.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

29.     As described more fully in the preceding paragraphs, Defendants—acting under color of law—arrested Plaintiff Thomas Russell III.

30.     As described more fully in the preceding paragraphs, Defendants did not have probable cause to arrest Plaintiff.

31.     As a result of the Defendant Officers' false arrest of Thomas Russell III, Plaintiff suffered injury, including emotional distress.

### Count V – 42 U.S.C. § 1983
### Fourth Amendment – Failure to Intervene

32.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

33.     As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the misconduct described in this Complaint.

34.     As a result of the Defendant Officers' failure to intervene, Plaintiffs suffered pain and injury, including emotional anguish, humiliation, fear, anxiety, the loss of their dog Lady, and the loss of Plaintiff Thomas Russell III's liberty, as is more fully described throughout this Complaint.

### Count VI – State Law Claim
### Intentional infliction of Emotional Distress

35.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

36.     As described in the preceding paragraphs, the misconduct of the Defendant Officers toward Plaintiffs was extreme and outrageous.

37.     Given the nature of the misconduct, the Defendant Officers committed the

5

misconduct with knowledge that their actions were likely to cause severe emotional distress to Plaintiff.

38. As a direct and proximate cause of Defendant Ochoa's misconduct, Plaintiffs have suffered severe emotional distress, including emotional anguish, humiliation, fear, and anxiety.

### Count VII – State Law Claim
### Malicious Prosecution

39. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

40. By the actions detailed above, the Defendant Officers sought to and in fact did maliciously prosecute Plaintiff Thomas Russell III on false charges for which they knew there was no probable cause.

41. As a direct and proximate result of this malicious prosecution, Plaintiff Thomas Russell III suffered injury, including the loss of liberty, emotional anguish, and humiliation.

### Count VIII – State Law Claim
### Assault

42. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

43. The above-detailed conduct by the Defendant Officers, including pointing their weapons at the heads Plaintiffs Darren Thomas and Russell Thomas III, was done with the intent to cause Plaintiffs apprehension of imminent bodily harm.

44. The above-detailed conduct by the Defendant Officers did cause Plaintiffs reasonable apprehension of bodily harm.

45. As a result of the Defendant Officers' conduct, Plaintiffs suffered injury, including emotional anguish, anxiety, and fear.

6

### Count IX – State Law Claim
### Indemnification – 745 ILCS 10/9-102

46. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

47. At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

48. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

### Count X – State Law Claim
### Respondeat Superior

49. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

50. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Chicago.

51. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against Defendants for compensatory damages and, because the Defendant Officers acted maliciously, wantonly, and/or oppressively, Plaintiffs seek punitive damages against them in their individual capacities, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

Jury trial demanded.

RESPECTFULLY SUBMITTED,

/s/ Amanda Antholt
One of the Attorneys for Plaintiff

7

Amanda Antholt
Christopher Smith
Robert W. Johnson
Smith, Johnson & Antholt LLC
112 S. Sangamon Street, 3rd Floor
Chicago, IL 60607
312.432.0400

**CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that Plaintiffs' Amended Complaint was served on counsel for all parties by electronic means on October 1, 2010.

           /s/ Amanda Antholt