IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JACOB SAATHOFF, KATHY SAATHOFF, and KELSEY MARKOU, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   No. 13-cv-02253 |
| OFFICER ANDRE DAVIS (officer # 7786), | ) ) ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' TRIAL MEMORANDUM**

NOW COMES Defendant, Officer Davis, by one of his attorneys, Thomas Yu, and responds to Plaintiffs' Trial Memorandum regarding damages (Doc. No. 98), and states as follows.

1. Veterinary bills, training costs and kennel fees.

Plaintiffs cite several federal cases in support of their position that evidence of veterinary bills, training costs and kennel fees should be admissible as evidence of the amount of money Plaintiffs were willing to pay to produce a highly trained hunting dog, and thus evidence of the value Plaintiffs placed upon their dog.

First, this court's reasoning in ruling that such evidence should be excluded at trial still holds true. The Plaintiffs may only recover the value of the dog to them – *or* - the cost of replacing the dog, but not both. (Doc. No. 93, at 12). Common sense and logic dictate that if the jury hears evidence of veterinary bills, training costs and kennel fees in addition to evidence of the value of the dog to the owners, then it is likely that the jury will award damages based on both (value of the dog to the owners and replacement cost of the dog). Certainly any limited probative value in allowing this evidence would be greatly outweighed by the prejudicial effect of allowing the Plaintiffs to potentially recover damages under both theories of recovery. At the

1

very least, allowing evidence under both theories of recovery would contribute to jury confusion that would not be easily cured by a "limited purpose" instruction.

Second, several of the federal cases cited by Plaintiffs are distinguishable from the case at bar because they involve specialized and unique items of property. The *Taliferro* case involved the destruction of an original manuscript. *Taliferro v. Augle*, 757 F.2d 157 (7th Cir. 1985). The *King Fisher* case involved the destruction of a specialized barge. *King Fisher Marine Service, Inc. v. NP Sunbonnet*, 724 F.2d 1181 (5th Cir. 1984). And, the *Vossoughi* case involved the destruction of research data and scientific instruments. *Trustees of Univ. of the Dist. of Columbia v. Voossoughi*, 963 A.2d 1162 (D.C. Ct. of App. 2009). Accordingly, because these are specialized items of property, as opposed to a pet, there is no reason why this court should follow the rationale of these referenced cases in allowing such evidence of damages in assessing damages for the unreasonable seizure of a pet.

    2.    <u>Value of Plaintiffs' dog</u>.

Plaintiffs cite several federal cases in a failed effort to respond to the court's conclusion that "relevant case law would support a value for a dog possibly in the thousands of dollars, but certainly not in the tens of thousands." (Document No. 93, at 12). The federal cases cited by Plaintiffs are distinguishable from this action.

The *Green* case involved a shooting of dog in which the parties settled the case for an offer of judgment amount of $75,000. *Green v. Barden*, Case No. 14-4629 (N.D.Ill.). Significantly, however, the facts differ greatly from the case at bar. Surveillance video in *Green* apparently shows police officers repeatedly using a taser on a non-threatening dog-at-large until finally deciding to callously shoot plaintiff's dog repeatedly with an M4 assault rifle. In addition, the $75,000 settlement amount does not strictly correlate to damages for the loss the dog. To the

contrary, the $75,000 amount settled the plaintiff's numerous claims against the defendant officers for unreasonable seizure, Monell liability, trespass, intentional infliction of emotional distress, Illinois Humane Care for Animals Act, malicious prosecution and respondeat superior.

Similarly, in the *Wright* case, the $51,000 offer of judgment amount reflected more than just a dollar value for either the value of the dog to the owner or the replacement cost of the dog. *Wright v. City of Des Moines*, Case No. 12-1962 (W.D. Wash.). The claims which were settled by virtue of the acceptance of the offer of judgment included, unreasonable seizure by two officers, Monell liability, conversion, reckless infliction of emotional distress, malicious injury to a pet and negligence.

In addition, the facts of the *Russell* case are clearly distinguishable from this action. In Russell the court awarded a total of $330,000 in compensatory damages, however, the awarded damages arose out of the police officers use of excessive force upon the plaintiffs and the illegal search and seizure of their apartment. As part of the officers' shocking and outrageous conduct, they shot and killed plaintiffs' dog at the scene. The plaintiffs' claims included excessive force, illegal seizure, illegal search, false arrest, failure to intervene, intentional infliction of emotional distress, malicious prosecution, assault, indemnification and respondeat superior. The $330,000 jury verdict is a reflection of the damages awarded for numerous violations of the plaintiffs' civil rights, not just for the seizure of their dog.

    3.  <u>State Law cases cited by Plaintiffs</u>.

In this court's ruling (Doc. No. 93), the court thoroughly discussed the state of Illinois law as it relates to the issue of compensatory damages for the recovery of a loss of a dog. The court ultimately concluded that based upon the applicable case law, the Plaintiffs' estimated damages of $83,000 for "the value of a companion dog cannot be considered reasonable. Indeed,

relevant case law would support a value for a dog possibly in the thousands of dollars, but certainly not in the tens of thousands." (Doc. No. 93, at 12). There is nothing in Plaintiffs discussion and arguments of Illinois law, which refutes or even calls into question the court's conclusion with respect to compensatory damages for a dog.

WHEREFORE, Defendant responds to Plaintiffs' trial memorandum regarding damages.


Defendant Officer Andre Davis

By: s/Thomas S. Yu_____
Thomas S. Yu, Bar No. 6273289
THOMAS, MAMER & HAUGHEY, LLP
30 Main St., Suite 500, P.O. Box 560
Champaign, IL  61824-0560
Phone: (217) 351-1500
tyu@tmh-law.com


**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2015, I electronically filed the foregoing Defendant's Response to Plaintiffs' Trial Memorandum with the Clerk of the Court using the CM/ECF system which will send notification to the attorneys of record.

/s/ Thomas Yu_____

Thomas S. Yu, Bar No. 6273289
THOMAS, MAMER & HAUGHEY, LLP

30 Main St., P.O. Box 560
Champaign, IL 61824-0560
Ph: (217) 351-1500
tyu@tmh-law.com