E-FILED
Thursday, 09 July, 2015  08:12:09 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

JACOB SAATHOFF, KATHY
SAATHOFF, and KELSEY
MARKOU,

          Plaintiff,

v.

OFFICER ANDRE DAVIS,

          Defendant.

No.: 13-2253-CSB

**FILED**

JUL 8 – 2015

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## <u>JURY INSTRUCTIONS</u>

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Court's 1:  General
7th Cir. Pattern 1.01 (Agreed)

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about or on what the outcome of the case should be.

Court's 2:  Questioning Witness
7th Cir. Pattern 1.02

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Court's 3:  What is Evidence
7th Cir. Pattern 1.04 [some bracketed material omitted]
Defendant's proposed jury instruction (modified)

Withdrawn ___   Given ___   Given as Modified ___   Refused ___   Reserved ___

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.

Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Court's 4:  What is not Evidence
7th Cir. Pattern 1.06 (Agreed)

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Court's 5:  Notes
7th Cir. Pattern 1.07 (Agreed)

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Court's 6: Who Produced Evidence
7th Cir. Pattern 1.08 (Agreed)

Withdrawn ___ Given ___ Given as Modified ___ Refused ___ Reserved ___

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Court's 7:  Limited Purpose
7th Cir. Pattern 1.09 (Agreed)

Withdrawn ___ Given ___ Given as Modified ___ Refused ___ Reserved ___

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

Court's 8: Weighing the Evidence
7th Cir. Pattern 1.11 (Agreed)

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Court's 9:  Direct and Circumstantial Evidence
7th Cir. Pattern 1.12 (Agreed)

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witness's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

Court's 10: Judging Credibility
7th Cir. Pattern 1.13 (modified) (Agreed)

Withdrawn ___ Given ___ Given as Modified ___ Refused ___ Reserved ___

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different.  If you decide that before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Court's 11:  Prior Inconsistencies
Seventh Circuit Pattern Jury Instructions 1.14 (Agreed)

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

It is proper for a lawyer to meet with any witness in preparation for trial.

Court's 12: :  Preparing Witness
7th Cir. Pattern 1.16 (Agreed)

Withdrawn ___   Given ___   Given as Modified ___   Refused ___   Reserved ___

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Court's 13:  Absence of Evidence
7th Cir. Pattern 1.18 (Agreed)

Plaintiffs contend that Defendant at one time possessed photographs of the pit bull dog that attacked their pet family dog, taken at the scene of the occurrence.  However, Defendant contends that the loss of those photographs was accidental, and that the photographs have disappeared for unknown reasons.

You may assume that such evidence would have been unfavorable to Defendant only if you find by a preponderance of the evidence that:

1.    Defendant intentionally destroyed or hid the evidence; and

2.    Defendant destroyed the evidence or caused it to be hidden in bad faith.

Court's 14: Spoliation/Destruction of Evidence
7th Cir. Pattern 1.20
Plaintiffs' Proposed Instruction No. 1

Withdrawn ___ Given ___ Given as Modified ___ Refused ___ Reserved ___

Certain maps have been shown to you.  Those are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

Court's 15: Demonstrative Exhibits
7th Cir. Pattern 1.24 (modified) (Agreed)

Withdrawn X  Given ___  Given as Modified ___  Refused ___  Reserved ___

Defendant is being sued as an individual.  Neither the City of Champaign Police Department nor the City of Champaign is a party to this lawsuit.

Court's 16:  Police Department / Municipality Not a Party
7th Cir. Pattern 7.01 (modified)
Defendant's Proposed Instruction

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Court's 17: Burden of Proof
7th Cir. Pattern 1.27 (Agreed)

Withdrawn ___ Given ___ Given as Modified ___ Refused ___ Reserved ___

Plaintiffs claim that Defendant Andre Davis violated their right to be free from the unreasonable seizure of their property by shooting their dog in violation of the Fourth Amendment to the United States Constitution.

Court's 18: Issue
Agreed Instruction

The term "seizure" used in these instructions refers to the shooting of the dog.

Court's 18a: Seizure

*Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008)

Withdrawn ____ Given ____ Given as Modified ____ Refused ____ Reserved ____

Plaintiffs claim that Defendant Davis unreasonably shot their dog.  To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1.   Defendant Davis's shooting of the dog was unreasonable; and

2.   Because of the unreasonable seizure, Plaintiffs were harmed.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you should find for Plaintiffs and against Defendant Davis, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have not proved any one of these things by a preponderance of the evidence, then you should find for Defendant Davis, and you will not consider the question of damages for Plaintiffs.

Court's 19: Fourth Amendment - Unreasonable Seizure - Elements
Plaintiffs' Proposed Instruction 2
7th Cir. Pattern 7.08 (modified), *Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008)

Withdrawn ___ Given ___ Given as Modified ___ Refused ___ Reserved ___

You must decide whether Defendant's seizure was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what Defendant knew at the time of the incident, not based on what you know now. In deciding whether Defendant's seizure was unreasonable, you must not consider whether Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

Court's 20: Definition of Unreasonable
7th Cir. Pattern 7.09 (modified), *Viilo v. Eyre*, 547 F.3d 707, 710 (7th Cir. 2008)
(Agreed)

Withdrawn ___ Given ___ Given as Modified ___ Refused ___ Reserved ___

If you find that Plaintiffs have proved their claims for Fourth Amendment violations against Defendant Davis then you must determine what amount of damages, if any, Plaintiffs are entitled to recover from Defendant Davis.

If you find that Plaintiffs have failed to prove their claims against Defendant Davis, then you will not consider the question of damages.

Court's 21: Fourth Amendment Damages (Prefatory)
7th Cir. Pattern 7.22 (modified) (Agreed)

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

If you find in favor of Plaintiffs, then you must determine the amount of money that will fairly compensate Plaintiffs for any injury that you find they sustained as a direct result of the unreasonable seizure.

Plaintiffs must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of the injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The reasonable value of Plaintiffs' property lost or destroyed during, or as a result of, Defendant's unconstitutional acts.

2. The mental/emotional pain and suffering that Plaintiffs have experienced. No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiffs for the injury sustained.

Court's 22: Damages: Compensatory
7th Cir. Pattern 7.23 (modified), Federal Jury Practice & Instructions (6th ed), p. 545
Defendant's supplemental proposed instruction (modified)

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

Court's 23:  Deliberations
7th Cir. Pattern 1.32 (modified)
(Agreed)

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.

The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Court's 24:  Communication with Court
7th Cir. Pattern 1.33
(Agreed)

During your deliberations, you must not communicate with or provide information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Court's 25:  Outside Communications

Source:  U.S. Benchbook for U.S. District Court Judges (6th Ed. March 2013, p. 99, part of instruction recommended for criminal cases)

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.  You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own view and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

The verdict form reads as follows.

Court's 26:  Deliberations
7th Cir. Pattern 1.34 (modified)
(Agreed)

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

JACOB SAATHOFF, KATHY     )
SAATHOFF, and KELSEY MARKOU,  )

       **Plaintiffs,**      )
                       )
**v.**                       )   **No.: 13-2253-CSB**
                       )
                       )
**OFFICER ANDRE DAVIS,**     )
                       )
       **Defendant.**      )

## JURY VERDICT

On Plaintiffs' unreasonable seizure claim against Defendant

Andre Davis, we, the jury, find in favor of:

(CHECK ONE) Plaintiffs_____ Defendant_____

*If you found in favor of Plaintiffs, complete the following section. If you found in favor of Defendant, please sign and date this form because you will not award any damages.*

Reasonable value of Dog                $_____
Jacob Saathoff's emotional pain and suffering  $_____
Kathy Saathoff's emotional pain and suffering  $_____
Kelsey Markou's emotional pain and suffering  $_____

Fill in the date, and each juror must sign the form.

Date:       _____

Withdrawn ___  Given ___  Given as Modified ___  Refused ___  Reserved ___

_____        _____

Presiding Juror

_____        _____


_____        _____


_____        _____

Court's 27:  verdict form