IN THE UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JACOB SAATHOFF, KATHY SAATHOFF, )
and KELSEY MARKOU, )
 )
Plaintiffs, )
 )
v. ) No. 13-cv-02253
 )
OFFICER ANDRE DAVIS, )
 )
Defendant. )

## MOTION FOR LEAVE TO FILE REPLY

NOW COME Plaintiffs, JACOB SAATHOFF, KATHY SAATHOFF and KELSEY MARKOU, through their attorneys, Sorling Northrup, Stephen F. Hedinger of counsel, and move this Court for leave to file a reply, on or before September 11, 2015, to the "Defendant's Response to Plaintiffs' Motion for New Trial and for Imposition of Discovery Sanctions with Incorporated Memorandum of Law" (d/e #110) (hereinafter "Defendant's Response"). In support of this motion, Plaintiffs state as follows:

1. On August 6, 2015, Plaintiffs filed a timely motion pursuant to Rule 59 of the Federal Rules of Civil Procedure, requesting that this Court order a new trial in this matter, and for other relief.

2. Eighteen days thereafter, on August 25, 2015, Defendant filed Defendant's Response.

3. Defendant's Response raises and addresses issues and cites information from the record in this case not cited previously by Plaintiffs, not cited in this context previously by Defendant, and otherwise raise new issues relating to Plaintiffs' Rule 59 motion.

4. One example is Defendant's reference to a dispatch log that was an exhibit to the

deposition of Sgt. Matthew Crane, which Defendant now contends constitutes a justification Davis changing his sworn testimony just before trial, and testifying for the first time at trial that he heard the dispatcher state that the dog being attacked was almost dead. (Defendant's Response, at 3-5).

5. At no time previous to his Defendant's Response has Defendant ever taken the position that the dispatch report constituted evidence upon which Defendant relied concerning the condition of the dog being attacked. Plaintiffs therefore request leave to reply to this assertion. Plaintiffs anticipate that their proposed reply will address several points:

(1) Defendant affirmatively stated under oath in interrogatory responses that his report set forth the full extent of his knowledge and beliefs about the circumstances he was called upon to address, and that report said nothing about the victim dog being almost dead. Accordingly, Plaintiffs had no reason to question Defendant about whether his report accurately reflected what the dispatcher said.

(2) Davis himself testified during his deposition that dispatch calls do not constitute a reliable indicator of what is actually occurring at the scene (Davis dep., at 90-91); accordingly, Davis fostered the expectation that he did not rely upon the dispatch description, thus creating even less incentive for Plaintiffs to question further about the truthfulness of the statements in Davis's report.

(3) At no time did Defendant inform Plaintiffs that his understanding of the situation was different than what was recorded in his report, or that his interrogatory answer was anything less than fully accurate and complete.

(4) Defendant's Response omitted the passage of Sgt. Crane's deposition in which he explained that the dispatch report (Ex. 2 to his deposition transcript) is

information typed into the system by the dispatcher prior to the dispatch; "[t]his information is not told to the police officers necessarily." (Crane dep., at 71). When asked whether the report stated information broadcast over the radio, Crane was unequivocal: "No." (Crane dep., at 72). He explained that the written report was typed in, perhaps by the dispatcher who received the call and perhaps by another dispatcher, but in either event, "[e]ven if these items are typed here, the dispatcher then still says it in their own words over the radio to officers." (Crane dep., at 72). Accordingly, the discussion during the deposition of the dispatch transcript did not inform Plaintiffs that Defendant heard something other than what was in his report, particularly where he unqualifiedly asserted that all relevant information was in his report. No actual transcript of the radio dispatch, was ever produced by Defendant.

6. The other issues raised in Defendant's Response similarly raise new information and will require a review of the record and specific citations to rebut.

7. Pursuant to this Court's Local Rule 7.1(B)(3), no reply to a motion response is allowed as a matter of course. Accordingly, Plaintiffs must seek this Court's leave to file such a pleading.

8. Plaintiffs therefore request leave to file a reply to Defendant's Response. Plaintiffs' post-trial motion raises extremely important issues. Defendant's spare thirteen page response, while treating these issues at best superficially, does raise several issues that are new and not previously addressed. Plaintiffs will be severely prejudiced if this Court denies leave to file a reply, which would deny Plaintiffs the ability to address these new issues raised in Defendant's Response. Conversely, Defendant will not be prejudiced by the allowance of this motion because all Plaintiffs seek leave to do is to reply to the new materials presented by

Defendant's Response.

9.      Plaintiffs request to and until September 11, 2015, within which to file their reply. The time is requested in order to provide Plaintiffs the opportunity to adequately address the new issues while attending to other matters already on Plaintiffs' counsel's schedule, and to accommodate the Labor Day holiday weekend.

WHEREFORE Plaintiffs, JACOB SAATHOFF, KATHY SAATHOFF and KELSEY MARKOU, request that this Court grant to them leave to file a reply to the Defendant's Response, and that this Court enter in their favor all such other and further relief as this Court deems just and appropriate.

Date: August 31, 2015

Respectfully submitted,
JACOB SAATHOFF, KATHY SAATHOFF and
KELSEY MARKOU, Plaintiffs

/s/ Stephen F. Hedinger
Stephen F. Hedinger (#6198999)

Sorling Northrup
Attorneys for Plaintiffs
1 North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
E-Mail: sfhedinger@sorlinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2015, I electronically filed the foregoing Plaintiffs' Motion for Leave to File Reply with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. David E. Krchak
Mr. Thomas Yu
Thomas, Mamer & Haughey, LLP
30 Main Street, Suite 500
P.O. Box 560
Champaign, IL 61824-0560

/s/ Stephen F. Hedinger

Stephen F. Hedinger (#6198999)
Attorneys for Plaintiffs
Sorling Northrup
1 North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705
Telephone: (217) 544-1144
Facsimile: (217) 522-3173
E-Mail: sfhedinger@sorlinglaw.com